SCHOOL DISTRICT v. JOSEPH P. CARSON.

1. PLEADING; *Answer of School District.*   Where in an action against a school district the clerk and director answer, it must be taken as the answer of the district, though somewhat informal.

2. ——— *Where Petition is fatally Defective—Judgment.*   A petition against a school district for the recovery of money only, that fails to show that the district is in any way indebted to the plaintiff, or under any obligation to pay him anything, is so fatally defective that no judgment can be based upon it.

3. SCHOOL DISTRICT TREASURER; *School Moneys; Deposit in Bank illegal.* There is no law authorizing a school district treasurer to deposit the funds of the district with any bank or banker, and especially so with a bank or banker outside of his district and outside of his county; nor is there any law that authorizes the school board to "instruct" the school district treasurer so to do; and where the treasurer with such instructions does deposit the funds of the district with a bank or banker, and the bank or banker afterward becomes insolvent, the treasurer and not the district must lose the money so deposited.

*Error from Crawford District Court.*

CARSON was elected and qualified as director of school district No. 54, county of Crawford, in March 1871.  A special election was called and held in said district in April 1871, at which the electors of said district voted in favor of the issuance of bonds of said district to the amount of $600

with which to build a school-house. Said bonds were issued.· In May the school board held a meeting — director, treasurer, and clerk all being present — at which *Carson*, as director, was authorized and requested to "negotiate and sell said school-district bonds at such banking-house in Fort Scott as would pay the greatest per cent. on the dollar for them." Under said authority and direction *Carson*, on the 26th of May 1871, sold said bonds to Van Fossen & Britton, bankers of Fort Scott, for $480. Instead of the money or currency *Carson* took a "certificate of deposit" for said sum of $480, "drawn in favor of said school·district No. 54." Afterward, on the 3d of June, *Carson* drew a check on said Van Fossen & Britton, bankers, for said $480, which check was so drawn at 4 o'clock P. M. of said day, in favor of one F. Playter, of Girard. Playter cashed said check on said day and hour. At 3 o'clock P. M. of said 3d of June the banking-house of the said Van Fossen & Britton closed and suspended, "since which time they never have resumed any payments." On the 4th of June *Carson's* check to Playter was presented to the said Van Fossen & Britton for payment, and protested for non-payment. Afterward, in July 1871, Playter instituted a suit against *Carson* in the district court of Crawford county to recover the said sum of $480, so paid for said check, in which action, on the 15th of January 1872, Playter obtained a judgment for $480 as principal, $31.60 as damages, $27.01 interest, and $26.30 as costs of suit. On the next day, January 16th, *Carson* commenced this suit as plaintiff against said *School District* as defendant, setting ·up in his petition the foregoing facts, and alleging further as follows: "The plaintiff further represents to the court that all of said negotiations, transfers, sales and deposits so as aforesaid made by him were on account of, for and in behalf of said School District No. 54, by, with, and under its direction, sanction and indorsement. And the plaintiff further represents that he in good conscience ought not to be held liable for, and compelled as an individual to pay and suffer said loss of $564.91 so as aforesaid sustained, by reason of said bank-failure and sus-

pension; but that said School District No. 54 ought to be decreed to pay said judgment so obtained by said Playter against this plaintiff who was doing and performing said above business as an officer of said district and under its directions. Wherefore," etc. On the day this petition was filed the Treasurer and Clerk of said School District appeared and answered, denying generally the matters alleged in the petition. And on the same day, (the January Term 1872 of the district court being in session,) said action was tried, resulting in a judgment in favor of *Carson* for $564.91 and costs. New trial refused, and the *School District* brings the case here on error.

*John T. Voss*, for plaintiff in error:

1. No school board of any district, nor any member of the board, can sell or dispose of school bonds for anything but *cash* in hand or its equivalent, materials or labor. (School Laws, Gen. Stat., ch. 93, § 1; Laws of 1872, ch. 95, § 1.) The school board are the trustees of the taxpayers of the district. They can do nothing except what is expressly given them by law. They can take nothing by implication. They could not authorize any sale or transfer of bonds not expressly sanctioned by statute; and the deposit of the bonds, or the proceeds of the sale of the bonds in a bank was an unlawful act for which he is subject to criminal prosecution. Gen. Stat., ch. 93, § 10.

2. But Carson has no right of action. He does not say that he paid or invested a dollar of money or any other valuable thing, for or in behalf of district No. 54. He does show that he took the bonds of said district to some broken bank, and there left them and took a certificate of deposit from them in the name of the district; and afterwards drew his check on Playter, and got the money; that his check was protested, and payment refused upon it; that Playter sued him and recovered judgment. Well, that was right. But he does not say he has paid that judgment, or that the money was lost to the district; or that the district ever called on

him to pay it, or that he ever did pay a cent of it. His petition does not state facts sufficient to constitute a cause of action, or entitle plaintiff below to any relief whatsoever, either legal nor equitable. Nothing is waived by the appearance and general denial of the treasurer and clerk. Is that an answer of the district, considering the manner in which it is done? No service appears to have been made. The answer is fraudulent upon its face, no attorney appearing for or on behalf of said district; no evidence was offered on the part of the district. It is against public policy to permit school district officers, after getting themselves into a difficulty about losing school money, to divide themselves into parties litigant, one acting as plaintiff and the other two as defendants, and the defendants making no defense, and by this most peculiar action, obtain a judgment against their district. A judgment so obtained is so grossly fraudulent that it should be reversed with istructions to the district court to dismiss the action.

The opinion of the court was delivered by

KINGMAN, C. J.: The defendant in error was treasurer of School District No. 54 in Crawford county. The school district issued bonds to the amount of $600, and the defendant in error negotiated the bonds with a banking-house in Fort Scott and took a certificate of deposit for the amount for which they were sold. Afterwards he drew a check on the banking-house for the amount and sold the same to one F. Playter. This check was dishonored; whereupon Playter brought an action against the defendant in error for the amount, and recovered judgment therefor. This judgment was recovered on the 15th of January 1872; and on the next day defendant in error filed his petition against the plaintiff in error, and on the same day an answer was filed and a trial had resulting in a judgment against the plaintiff in error for $564.91. Two errors are alleged. One is, that no answer was filed by the district. The answer is informal; it purports to be by the clerk and director of the district instead of by

the district; but as these were the proper officers to answer for the district we think the answer must be taken as that of the district. The other error is, that the petition does not state facts sufficient to constitute a cause of action. The petition is fatally defective. It does appear from it that the defendant in error received of Playter the amount for which the bonds were sold, and it is not shown but what that money is still in his hands. Again, the judgment against him has not been discharged, and may never be. There is nothing in the petition to show that he has property, or that he proposes to pay the judgment against him. Again, it does not appear that Van Fossen & Britton (the Fort Scott banking-house,) are not entirely responsible, in which case defendant in error may never lose anything. It is true that it is alleged that the certificate of deposit was taken in the name of the district, but the inference is inevitable that defendant in error drew upon the fund as an individual; otherwise he could not have been held liable as an individual in the action of Playter. If he has control of the funds deposited with the bank, he may yet get them; for while it is averred that the bankers had suspended, and had not yet resumed, it nowhere is pretended that they are insolvent. Taking the petition as true, and it appears that defendant in error has received the proceeds of the sale of the bonds, and it does not appear that he has paid out any part thereof to or for the district; nor does it appear that he has paid or ever will pay anything on the judgment of Playter, while it is more than likely, taking the statements of the petition as true, that he may finally obtain the money from the bankers. Such a state of facts does not authorize a recovery, and the petition is so fatally defective that no judgment can be rendered upon it. This disposes of the case in this court. We have carefully refrained from discussing some of the questions raised by plaintiff in error, as such a discussion would result in no benefit with the imperfect knowledge of the facts presented in the record. The judgment is reversed.

All the Justices concurring.

—Upon receiving and filing the mandate, and entering the

order reversing the judgment of the district court, *Carson*, on leave, amended his petition. The material amendments so made were the inserting therein the following averments:

"That the certificate of deposit taken by him from said Van Fossen & Britton, bankers, in the name of *School District No. 54* for said $480, was so taken pursuant to the order and instruction of the school board of said district." "That plaintiff, as treasurer as aforesaid, paid said sum of $480 so received from said Playter to the building contractors previously employed by said district to erect a school-house for the use and benefit of said district upon the written order of the director and clerk of said district." "Plaintiff further says that he has not received said $480, nor can he recover of said Van Fossen & Britton said sum of money, or any part thereof." "Plaintiff further states that on the 2d day of February 1872 he paid off and fully discharged and satisfied said judgment of Playter's aforesaid out of his own private funds, and that said defendant has wholly neglected and refused to pay plaintiff the amount of said judgment or any part thereof."

To the amended petition the *School District* demurred, assigning, 1st, that said petition did not state facts sufficient to constitute a cause of action, and 2d that the court had no jurisdiction of the subject of the action. Upon this issue the case was heard at the May Term 1873 of the district court. The court overruled the demurrer; and from such decision and order the *School District* appealed, and brought the case here on error, where it was heard and decided at the July Term 1873 of this court.

*John T. Voss*, for plaintiff in error:

1. The action of Carson cannot be maintained, either in a court of law or equity. The courts are powerless to remedy the fancied wrongs which he supposes he has sustained. He cannot recover on contract, because he does not sue upon contract; and if he did he could not so recover, because said district is incapable of making a contract to that effect.

2. But if the court could render a judgment in favor of Carson, how could such judgment be paid? The board can

raise no money to meet such judgment. It is not an incidental fund. It is not to pay teachers' wages. It is not to pay interest on bonds. It is not to create a sinking fund; and for none of the enumerated causes known to the statute for raising money. The electors of the district can only raise money by vote for certain purposes, and this is not one of them. There would be no way of satisfying such judgment or decree.

3. The plaintiff sets up in his petition that all, or nearly all his acts were done by him alone, and not by the board. He had no right to act alone, and the board had no right to instruct him; no right to dictate to him. (See 6 Kas., 518.) His duties as treasurer are plainly marked out by statute, and if he acted on what the members of the board, or any others, instructed, he did so at his peril. The fact that Carson was school-district treasurer is of no consequence whatever. It was not his duty, as treasurer, to negotiate the bonds, but it is the duty of the board to negotiate the bonds for labor, material or cash. See Gen. Stat., 939, ch. 93, §1, and §1, ch. 95, laws of 1872, where the following language is used, to-wit: "The bonds shall be negotiable and transferable by delivery, and may be negotiated by the school board for cash, material or labor, in the erection of a school-house or houses." Any sale or disposition of the bonds, except for cash in hand, or, if for labor, when done and performed, or, if for material, when the same shall have been delivered, is clearly illegal. Public officers acting in a fiduciary capacity, and as custodians of public funds, must have and safely keep the same for the uses and purposes for which it was designed and intended; and no negligence, much less a "criminal act," on the part of a custodian of public funds will excuse him from a strict liability and a prompt payment of the money, which it was his official duty to take care of. Sec. 10, ch. 93, Gen. Stat.

4. Again, the bonds cannot be negotiated in the manner they were, at all, in the absence of express statutory authority; that is, the bonds cannot be negotiated for less than par, nor away from home. See 22 Ill., 152, where it is expressly held that the treasurer cannot legally have the public funds

any place except at his office.    The district board, as well as
Carson, were engaged in an unlawful transaction when they
sold the bonds for less than par.    See 3 Kas., 120.

The opinion of the court was delivered by

VALENTINE, J.: The petition in the court below shows
substantially that school district bonds of school district
No. 54, Crawford county, were regularly voted and issued,
and that the plaintiff, who was treasurer of said district, and
*ex officio* one of the school board of said district, in pursuance
of authority given to him by said board, negotiated said
bonds at eighty cents on the dollar, receiving therefor the
sum of $480, and that he deposited said sum with Van Fos-
sen & Britton, bankers, at Fort Scott, Kansas, "and took a
certificate of deposit therefor from said bankers, he being
instructed so to do by said board, which certificate of deposit
was drawn in favor of said district;" that in eight days
thereafter, to-wit, June 3d 1871, at about 3 o'clock P. M., said
bankers failed and have since been and are now wholly insol-
vent; that on said June 3d, about 4 or 5 o'clock P. M., the
plaintiff, as treasurer of said district, and in pursuance of
instructions from said board, drew a check on said bankers
in favor of Frank Playter for said money, and in considera-
tion therefor received from said Playter $480; that plaintiff
paid this money to the school-house building contractors on
the written order of the director and clerk of the district;
that said check was dishonored, and that Playter then sued
the plaintiff thereon and recovered a judgment against the
plaintiff for $480 principal, $31.60 damages, $27.01 interest,
and $26.30 as costs; that plaintiff afterwards paid said judg-
ment.    The prayer of said petition is that judgment shall be
rendered against the district and in favor of the plaintiff for
$564.91, and interest and costs.    And to this petition the
defendant filed a demurrer.

We suppose the sole question intended to be raised in this
court is, whether the petition below states facts sufficient to
constitute a cause of action; and involved in that question is

the question: Who shall lose the money deposited with said bankers—the school district, or the plaintiff? We know of no law authorizing a school district treasurer to deposit the funds of the district with any bank or banker, and especially with a bank or banker outside of his district, and outside of his county, as in this case. Nor do we know of any law that authorizes the school board to "instruct" or authorize the treasurer so to do. In our opinion the instructions of the board to the treasurer upon this subject were *ultra vires,* illegal and void, and the depositing of said money with said bankers was wholly without any legal authority; and there-fore, as the bank and bankers afterward became insolvent (in they were not at the time insolvent,) the plaintiff and not the school district must lose said money. The treasurer is the only legal custodian of the funds of the district, and he cannot relieve himself of responsibility for them by depositing them elsewhere even with or without the authority of the board.

The judgment of the court below is reversed, and cause remanded with the order that said demurrer be sustained, and for such further proceedings as shall be proper in the case.

All the Justices concurring.