| 52 | 451 |
| 57 | 53 |

| 52 | 451 |
| 81 | 669 |

GEORGE H. ROSE, *as Administrator of the estate of D. S. Rose, deceased, et al.,* v. DOUGLASS TOWNSHIP, *in Butler County.*

1. OFFICIAL BOND—*Presumption as to Execution and Delivery.* If a
person signs his name as surety to an official bond, which is blank as
to the amount of the penalty, and then intrusts such bond to another,
and such bond afterward is filled up, and then presented by the prin-
cipal, or anyone for him, to the proper officers for approval, and is
accepted as an official bond of the principal, *held,* that such bond, so
accepted, is *prima facie* evidence that it was filled up or completed
with the authority of all the parties thereto. *Held, further,* That if
such bond was afterward filled up by inserting the amount of penalty
therein, without the authority, consent or knowledge of the surety,
such surety cannot complain, because by his own act or negligence
he enabled the principal, or some one for him, to have such bond
approved, accepted, and filed as an official bond.

2. TOWNSHIP TREASURER, *Liabilities of*—*Sureties Estopped.* A town-
ship treasurer, by accepting the office, assumes upon himself the
duty of receiving and safely keeping the township money, and of
paying it out according to law; and it is no defense for such treasurer
or his sureties, when sued upon the official bond for a balance unpaid,
that he kept the township money on deposit in a bank with the
knowledge and consent of the township board; that the bank sus-
pended; that the clerk of the township filed a claim with the as-
signee of the bank for the township money, and received a certificate
therefor; that subsequently a dividend was paid and accepted by
the township, which, however, left the balance due from the treasurer
sued for.

*Error from Butler District Court.*

ACTION by the *Township of Douglass*, Butler county
against *George H. Rose*, as administrator of the estate of D.
S. Rose, deceased, and others, on an official bond of a town-
ship treasurer. At the June term, 1890, plaintiff had judg-
ment. Defendants come to this court. The opinion states
the facts.

*Redden & Schumacher*, for plaintiffs in error.

*Shinn & Knowles*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: D. S. Rose and George W. Hogg, the
sureties upon the official bond of C. A. McNabb, treasurer of
Douglass township, in their answer admitted that the town-
ship was duly organized; that McNabb was duly elected
treasurer of the township; that the bond sued on was filed in
the office of the county clerk on the 17th day of November,
1887; that the board of county commissioners, on the 3d day
of January, 1888, entered their approval upon the bond; that
McNabb took the oath of office and entered upon the dis-
charge of the duties thereof, and, as treasurer, collected and
received the moneys alleged in the petition, and subsequently
failed to pay over to his successor from such moneys $2,072.73
The further allegations in the answer, that the sureties signed
a blank bond on November 17, 1887; that no amount was
written therein; that they never authorized anyone to insert

$500, or any other amount; that the same was inserted after it had been signed by them, without their knowledge or consent, and that they never authorized anyone to fill in the bond, in view of the allegations of the petition, and the admissions in the answer, did not state any sufficient defense. They did not connect the township, or any of the township officers, with receiving a blank bond, or with filling the same up, or with knowledge of the matters relied upon by the sureties for a defense. "If one signs his name to a bill or note, leaving a blank for the sum, and intrusts it to another, this is a *prima facie* evidence of authority." (1 Pars. Contr. 109; *McCormick v. Bay City*, 23 Mich. 457; *Butler v. United States*, 21 Wall. 272; *Taylor Co. v. King*, 34 N. W. Rep. 774.) Again, if the sureties signed the official bond when blank as to the penalty, and then permitted it to pass out of their hands in that condition, and it was subsequently filled in with $500, without their authority, and in that condition filed with the county clerk, and presented for approval and accepted so filled up, the sureties are estopped from complaining. The law casts the burden upon him by whose act, omission or negligence a third party is wronged. (*Savings Bank v. A. T. & S. F. Rld. Co.*, 20 Kas. 520; *Jordan v. McNeil*, 25 id. 465.)

The fact that McNabb kept the township money on deposit in the bank, with the knowledge and consent of the township board, and that after the bank suspended the clerk of the township board presented a claim against the bank for the township money, and a dividend was paid the township upon such amount, does not release or discharge sureties for any balance thereafter remaining due. The statute makes no provision for any township depository. McNabb deposited the money in the bank at his peril. (Gen. Stat. of 1889, ¶¶ 7120, 7094, 7079.) By accepting the office of township treasurer, McNabb assumed the duty of receiving and safely keeping the money of the township and paying it out according to law. He or his sureties are bound to make good any deficiency which might occur in the funds which came under his charge, whether they were lost in the bank or otherwise.

Any agreement or arrangement to the contrary with other officers of the township would not discharge the treasurer or his sureties. (*Manley v. City of Atchison,* 9 Kas. 358; *Myers v. Board of Education,* 51 id. 87; *The State v. Harper,* 6 Ohio St. 607; *United States v. Prescott,* 3 How. 588; 7 Laws. Rights, Rem. & Pr. 3822.)

We do not think that the decisions which we are referred to for the sureties are authority for their discharge. In this case no mortgage or security was taken by the township officers subsequent to the execution of the official bond, as in *Goodman v. The State,* 18 Ohio, 6. The other cases have reference to private parties or private corporations. In the Goodman case, at the expiration of the treasurer's term of office, his individual note was taken on time, secured by mortgage, in settlement, and a receipt in full given to such treasurer. Here a dividend was accepted from the assignee of the insolvent bank where the moneys had been deposited by the treasurer, and also a certificate was received showing the amount such treasurer had on deposit when the bank failed and not thereafter paid over. This and nothing more.

The judgment of the district court will be affirmed.

All the Justices concurring.