No. 25,658.

THE' BRAYMER MANUFACTURING COMPANY, *Appellee,* v. THE
MIDWEST AND GULF OIL CORPORATION, *Appellant.*

SYLLABUS BY THE COURT.

APPEAL AND ERROR—*Review of Excluded Testimony—Necessity for Presenta-
tion.* Rule followed that the exclusion of oral testimony, not presented by
deposition, oral testimony, or by affidavit, in support of a motion for a
new trial presents nothing for the supreme court to review—following civil
code, section 307, and annotations to R. S. 60-3004.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed
May 9, 1925. Affirmed.

*Remington Rogers,* and *Ed L. Jones,* both of Tulsa, Okla., for the appellant.
*C. T. Atkinson,* and *Tom Pringle,* both of Arkansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action on an account, and to secure its
collection the plaintiff attached certain chattels of its debtor, the
Midwest and Gulf Oil Corporation. At the commencement of the
action the defendant was not correctly named, being designated as
the Midwest and Gulf Oil Company. About a month later, with
leave of court, the plaintiff corrected the title of the action and made
an appropriate amendment to its petition.

Defendant filed an answer and cross petition alleging damages
which it suffered because of the attachment during the month inter-
vening between the time when its property was attached and the
time when the pleadings were corrected.

From the ruling of the trial court sustaining plaintiff's objection
to defendant's evidence in support of its cross petition, the defendant
appeals.

Under our practice, it was perfectly proper to treat the error in
the name of defendant as one of mere form, and this is especially true
where, as in this case, there was no doubt as to the identity of the
defendant. This defendant was plaintiff's debtor and it was this
defendant's property which was attached to satisfy the debt it
owed to plaintiff. (See *Butter Tub Co. v. National Bank,* 115 Kan.
63, 222 Pac. 754.)

The evidence which defendant might possibly have produced in
support of its claim for damages was never forthcoming, by deposi-

tion, affidavit, or oral testimony, as the code requires, to support and justify a new trial. Appellant would avert the consequences of this by assuming that the proffered evidence was actually before the court. Not so. There was a comprehensive statement made by appellant's counsel as to what a witness for defendant would testify to if permitted. That was not sufficient. If that testimony had actually been given, it would have been possible, or, at least, permissible for plaintiff to have produced evidence to controvert it. So the argument that the facts were before the court is fallacious. The requisites of the code must be supplied unless waived; and we are bound to hold that there is nothing in the record for this court to review concerning the exclusion of evidence by the trial court. (Civ. Code, § 307; *Leach v. Urschel,* 112 Kan. 629, 635, 212 Pac. 111; *Mansfield v. Crane,* 116 Kan. 2, 4, 225 Pac. 1087; and citations in annotations to R. S. 60-3004.)

Affirmed.