Springer v. Keller.

---

No. 27,251.
No. 27,488.

GEORGE SPRINGER, *Appellee*, v. MARTIN C. KELLER, *Appellant*.

(257 Pac. 964.)

SYLLABUS BY THE COURT.

1. PLEADING—*Amendment to Conform to Evidence—Discretion of Court.* Rule followed that a motion to amend a pleading to conform to the evidence adduced by the moving party is addressed to the trial court's discretion, and when such motion was not filed until after the court had announced its judgment, following an interim of six weeks in which the cause had been taken under advisement, the overruling of such motion was not prejudicial error.

2. APPEAL AND ERROR—*Review of Excluded Testimony—Necessity of Production in Support of New Trial.* Rule followed that error cannot be predicated on the exclusion of proffered testimony where it is not produced in support of the motion for a new trial in conformity with the civil code.

3. NEW TRIAL—*Grounds—Assignment of Plaintiff's Interest.* The fact that after judgment plaintiff had assigned his interest in it is not ground for a new trial, nor did it avail to show that when the action was begun he was not the real party in interest.

4. VENDOR AND PURCHASER—*Assumption of Mortgage Debt.* In an action to recover on an indebtedness which defendant assumed and agreed to pay as the grantee of a deed conveying certain mortgaged lands to him, the record examined, and no error in the judgment discerned therein.

Appeals from Pottawatomie district court; MARTIN A. BENDER, judge. Opinion filed July 9, 1927. Affirmed.

*J. E. Addington,* of Topeka, and *C. A. Leinbach,* of Onaga, for the appellant.

*E. C. Brookens, E. S. Francis, H. L. Hart,* all of Westmoreland, *T. M. Lillard, Bruce Hurd* and *O. B. Eidson,* all of Topeka, for the appellee.

Appeal and Error, 4 C. J. pp. 799 n. 35, 800 n. 44, 943 n. 81. Covenants, 15 C. J. pp. 1318 n. 72, 1323 n. 17, 1326 n. 73. Mortgages, 41 C. J. p. 738 n. 7; 21 A. L. R. 440. New Trial, 29 Cyc. pp. 760 n. 98, 761 n. 4, 947 n. 9. Pleading; 31 Cyc. pp. 368 n. 9, 371 n 23, 405 n. 49, 450 n. 72, 454 n. 5; 21 R. C. L. 577.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover a sum of money which defendant had assumed and agreed to pay as part consideration for certain mortgaged lands conveyed to him in an exchange of properties and incidents pertaining thereto.

The transactions leading up to defendant's alleged assumption of the obligation giving rise to this action were somewhat complicated, but may be thus summarized:

In 1924 one Thomas C. Howe made a contract of exchange of properties with this defendant, Martin C. Keller, whereby Howe conveyed to Keller a tract of 160 acres of Pottawatomie county land, and Keller conveyed to Howe a house and lots, a store building, and a stock of merchandize, all in the town of Lemoyne, Neb. Howe was also obligated to Keller in the sum of $7,500 as the agreed difference in the trading value of the exchanged properties. With the assistance of one William A. Hart, a merchant in Havensville, Howe paid $3,000 of this sum in cash, and the balance was to be paid in monthly installments of $150. One J. G. Hart, father of William A. Hart, was the real-estate dealer who negotiated the contract of exchange; and not long afterwards Hart opened further negotiations with Keller on Howe's behalf to obtain relief from the burden of $150 per month which Howe had to pay to Keller. Hart represented that Howe could not pay that sum of money, but that he would convey to Keller in lieu thereof 640 acres of land in the state of Wyoming covered by a mortgage of $4,200 due in 1929, which mortgage was in favor of one C. E. Howe, brother of Thomas; and Thomas also proposed to give Keller his promissory note for $3,500 and secure it by a mortgage on the Nebraska real estate theretofore conveyed by Keller to him in the exchange of properties. Keller assented to this proposal, and the note and mortgage for $3,500 were accordingly executed by Thomas C. Howe to Keller, and Thomas also executed to Keller a warranty deed conveying the Wyoming land, "free from incumbrances except a mortgage of forty-two hundred dollars, which assignee assumes and agrees to pay."

Later E. C. Howe, mortgagee of the Wyoming land, traded or sold that mortgage to this plaintiff, George Springer.

Thomas defaulted in the payment of his indebtedness to Keller and the latter foreclosed his mortgage on the Nebraska property,

. bought it in at the foreclosure sale, and now owns it. However, Keller on his part failed to pay the interest on the Wyoming mortgage according to the terms of the deed whereby he received a conveyance of that property. That default matured the entire indebtedness of $4,200, and plaintiff as assignee of C. E. Howe brought this action to recover on Keller's assumed obligation.

Defendant pleaded various defenses—that he never accepted the deed to the Wyoming land; that plaintiff was not the owner of the note and mortgage covering the Wyoming land; that the signature of C. E. Howe assigning the note and mortgage was not genuine; that the plaintiff was merely a straw man for William A. Hart and J. G. Hart; and that J. G. Hart, acting for Thomas C. Howe, had made grossly false representations touching the value of the Wyoming land and its quality and adaptability for agriculture, on all of which defendant had relied; and that Hart had also represented that good title in fee simple would be vested in defendant, but that Thomas C. Howe, the patentee, had no such title to convey, since by the terms of the patent the government reserved certain mineral rights in the land and rights of way for irrigation ditches thereon.

Plaintiff filed an extended reply, which included an allegation that defendant Keller had authorized a Lemoyne banker to act for him in the transaction whereby the Wyoming land was conveyed to Keller, and that defendant had ratified the acts of this banker as his agent and had foreclosed the mortgage given by Thomas C. Howe on the Nebraska property, and by various other acts and conduct defendant was estopped to deny the validity of the obligation assumed by him in the deed to the Wyoming land.

Trial by the court; evidence of the parties presented; cause taken under advisement and judgment entered for plaintiff; motion for a new trial taken under advisement and overruled. One appeal was taken from the judgment, and another appeal from the deferred ruling on the motion for a new trial. These appeals have been consolidated and the case is here for review.

The first error assigned relates to the trial court's refusal to permit defendant to amend his answer during the trial in order to make his pleadings conform to his evidence. That was a matter vested in the trial court's discretion (*Croner v. Keefer,* 103 Kan. 204, 173 Pac. 282), and here it is not shown that that discretion was abused. The trial was concluded on April 15, 1926, and the trial court's decision announced on May 28. On the latter day the application to amend

was filed. That was very late, and might well have been denied for that reason. However, the amendment which was sought to be made was immaterial as a factor in the defense to this action. The proposed amendment would have set out certain reservations made by the government in its patent of the lands to Thomas C. Howe which were conveyed to defendant subject to his assumption of the $4,200 mortgage indebtedness. Conceding, but not deciding, that those reservations reduced the title to something less than fee simple, that was no concern of this plaintiff unless it had been shown that he was privy to the contract in which defendant assumed to pay that $4,200 mortgage. Neither was it shown that such diminution of title resulted in any damage; and if such fact had been shown it could only have resulted in a set-off in some amount against the $4,200 obligation assumed by defendant. It would not have defeated that obligation. (*Burchfield v. Brinkman*, 92 Kan. 377, 140 Pac. 894.) In 15 C. J. 1323, the rule is thus stated:

"When a deed passes an estate of value, although not that covenanted for, it is to be considered in measuring damages."

Again, in 15 C. J. 1326 it is said:

"The general rule that only nominal damages are recoverable in actions for breach of a covenant where plaintiff has sustained no actual loss applies with reference to actions for breach of a covenant against encumbrances." (See, also, 7 R. C. L. 1170, 1175, 1177.)

The second error assigned is based on the overruling of defendant's motion for a new trial, in which it is urged that the decision was not sustained by sufficient evidence. To support that contention defendant's evidence touching the character of the Wyoming land is quoted, also its tillable acreage, its value, and the condition of the title. But as we have seen, if that had been a defense of any sort against this plaintiff, it could only have been as a matter of damages which might have been pleaded and proved as a set-off in reduction of plaintiff's demand.

Defendant's motion for a new trial was also predicated upon the exclusion of "appellant's offer of testimony during the trial." That, however, is unavailing, because the excluded testimony—whatever it was—was not produced in support of the motion for a new trial. (Civ. Code. § 307; R. S. 60-3004; *Leach v. Urschel*, 112 Kan. 629, syl. ¶ 9, 212 Pac. 111; *Rooney v. McDermott*, 121 Kan. 93, syl. ¶ 3, 241 Pac. 103.)

It is finally contended that the plaintiff's deposition "shows that

he at no time had any interest whatever in this litigation." That is not a fair statement of its contents. Plaintiff deposed that he did own the $4,200 note; that he and his brother exchanged some Dakota land for it and its security, and that he and his brother did so in reliance upon defendant's financial responsibility. While plaintiff's deposition averred that he had no interest "in this lawsuit at this time," such time referred to the date of his deposition, September 28, 1926, four months after the judgment was entered; and the counter abstract shows that plaintiff's want of interest at that time, although literally true, was of no consequence. He had simply assigned his interest in it on July 14, 1926, several weeks after the judgment had been entered. The civil code recognizes the right of a litigant to transfer his interest in an action during its pendency. (Civ. Code, § 39, R. S. 60-415.)

No material or prejudicial error in this record is disclosed and the judgment is therefore affirmed.