No. 27,493.

SCHOOL DISTRICT No. 64 IN ANDERSON COUNTY, *Appellee,*
v. RUSSELL HAND, *Appellant.*

(257 Pac. 931.)

SYLLABUS BY THE COURT.

SCHOOLS—*Duty and Liability of Treasurer as to Funds.* The treasurer of a
school district is the legal custodian of its funds and liable to the district
therefor. It is his duty at the close of his term of office to hand over to his
successor all moneys remaining in his hands as such treasurer.

Appeal from Anderson district court; HUGH MEANS, judge. Opinion filed
July 9, 1927. Affirmed.

*Oscar Foust, John W. Brown* and *Kenneth H. Foust,* all of Iola, for the
appellant.

*John K. Bowman* and *Dewitt M. Stiles,* both of Garnett, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one by a school district to recover
from a former treasurer school district funds which he failed to turn
over to his successor. Judgment was rendered against defendant on
the pleadings, and he appeals.

The facts pleaded were substantially as follows: In April, 1923,
defendant was elected treasurer of school district No. 64 in Anderson
county for a term of three years. In February, 1926, he removed to
Indiana and thereafter ceased to perform any of the duties of such
office. A successor was later elected, and qualified April 21 follow-
ing. During defendant's term of office, various sums of money be-
longing to the school district came into his hands, some of which
were disbursed, leaving a sum aggregating $7,913.73 when he went
away. The petition alleged that the defendant's successor had been
unable to make demand upon him for the money remaining in de-
fendant's hands because defendant had removed from the state.
Also, that defendant had failed, neglected and refused to pay over or
deliver to his successor, or any person for plaintiff, the money re-
maining in his hands. The defendant admitted his election as
treasurer of the school district; that he continued to perform the
duties of the office until March 13, 1926, when he removed to
Indiana, and alleged that before leaving he had his account as

Officers, 29 Cyc. pp. 1437 n. 56, 59, 1438 n. 60. Schools and School Districts,
35 Cyc. p. 912 n. 93.

treasurer of the district audited and that it was found to be correct. He admitted the election of his successor; that various sums of money came into his hands during his term of office, and that $7,913.73 remained at the time he ceased to act as treasurer. As a defense he alleged that during the time he acted as treasurer of the district, all moneys in his possession were deposited in the First National Bank and the Colony State Bank, both of Colony; that in the latter part of February, 1926, he decided to remove from Kansas, and at such time informed other members of the district board of such decision; that they audited his books and took them into their possession; that he talked to them concerning his resignation and was informed by them that it would not be necessary for him to resign, because they would elect a new treasurer in a few days; that he executed checks covering March salaries for the teachers, stated he would return no more, and went away; that A. C. Wallar has since his election been the acting treasurer of the district and has had control of all moneys collected. A demurrer to defendant's answer was overruled. Later plaintiff filed a motion for judgment on the pleadings, which was sustained, and judgment was rendered against the defendant for $4,997.30, one of the banks as garnishee having paid into court $1,547.85, which was credited on the amount due.

It is contended by the defendant that under the orders and directions of the school district, duly made at a convened meeting thereof, he deposited the moneys of the school district in the banks designated by the board; that when a treasurer of a school district removes from the district and locates in another state as a resident thereof a vacancy is thereby created in such office; that having left the state, he as former treasurer has no longer any authority or power to perform any act as treasurer on behalf of the school district; that he had his books duly audited and turned over to the other members of the district board; that they had control of the funds in question and that, therefore, defendant is in no wise liable.

It may be observed that the defendant did not allege that he made any arrangements whereby anyone but himself could draw checks on the accounts in the banks, and in fact admitted that he signed checks to pay March salaries, which lends force to the contention of plaintiff that no one's checks but defendant's would be paid out of the accounts in the banks.

The statute provides:

"The treasurer . . . at the close of his term of office shall settle with the district board, and shall hand over to his successor said book and all receipts, vouchers, orders and papers coming into his hands as treasurer of the district, together with all the moneys remaining in his hands as such treasurer." (R. S. 72-1020.)

The treasurer of a school district is the legal custodian of its funds and, as such, liable to the district therefor. He cannot relieve himself from liability by depositing the funds in a bank or other depository, or by turning them over to any other member of the board. Neither can the direction, instruction, order, acquiescence or consent of the other members of the board as to his manner of caring for such funds, in the absence of statute, relieve him from liability. (See *School District v. Carson,* 10 Kan. 238; *Rose v. Douglass Township,* 52 Kan. 451, 34 Pac. 1046; *Phillips v. Bank,* 98 Kan. 383, 158 Pac. 23; 36 L. R. A., n. s., 285, 22 R. C. L. 468; *Crane Township v. Seroy,* 103 Ohio St. 258, 18 A. L. R. 979, and annotation in 18 A. L. R. 982; 29 Cyc. 1437.)

Defendant was responsible for the funds placed in his hands. He was under bond to safely keep and account for them. He could not relieve himself from liability by placing them in the hands or under the control of someone who was under no statutory duty and under no bond to safely keep them. Practically the defendant was an insurer of the funds in his hands. (22 R. C. L. 468.)

He contends that the school district was within the provisions of R. S. 12-1640, which provides that the treasurer of the school board of any district in which there is a city of the third class shall deposit all public moneys coming into his hands in his official capacity in some responsible bank or banks within said city, the same to be designated by the school board. He did not allege that the district was one in which there was a city of the third class, but justifies failure to make such allegation on the ground that the courts take judicial notice of the boundaries of school districts and must, therefore, have taken notice that this school district included a city of the third class. It may well be doubted whether courts will take judicial notice of the boundaries of school districts which are subject to frequent change. However, the point need not be decided here for the reason that the defendant failed to show compliance with this statute. It requires that deposits of school district funds shall be in the name of the treasurer; that banks in which the de-

posits are made shall pay interest on daily balances, and that where more than one bank is designated, the funds shall be equally divided, and that a bond shall be taken from such banks, to be approved by the school board in double the largest approximate amount that may be on deposit at any one time, conditioned that such deposit shall be promptly paid on the check or draft of such treasurer, etc.

A complaint that the judgment was erroneous because rendered for a less amount than that prayed for in the petition is without substantial merit. The defendant was not prejudiced by a credit allowed for a part of the funds turned over to the district court by one of the banks.

The judgment is affirmed.