Franklin v. Jennings.

---

No. 27,923.

O. M. FRANKLIN et al., *Appellees*, v. A. D. JENNINGS et al.
(J. J. LUDLUM, *Appellant*).

(264 Pac. 1041.)

SYLLABUS BY THE COURT.

1. JUDGMENTS — *Operation and Effect — Persons Not Named as Defendant.* When a defendant in an action is proceeded against under a name and description which identify the defendant, the proceeding will not bind a different person, body, or entity.

2. CORPORATIONS—*Forfeiture of Charter—Actions After Appointment of Trustees—Parties.* On forfeiture of the charter of the Price Oil and Gas Refining Company, a domestic corporation, the directors, who became trustees for creditors and stockholders, selected one of their number to take full charge of and manage the settlement of its affairs. He acted under the name "Price Oil Co.," and was a resident of this state. An action was commenced against "Price Oil Co., a corporation," service was made by publication, and judg-

ment was taken by default. The petition and affidavit for publication service described the defendant as a nonresident corporation, and all proceedings were directed against such an entity. Property mortgaged to the trustees under the name "Price Oil Co." was appropriated by attachment to satisfaction of the judgment. The trustees did not appear. *Held,* the proceedings were void as against the trustees.

Appeal from Allen district court; FRANK R. FORREST, judge. Opinion filed March 10, 1928. Affirmed.

*C. S. Ritter,* of Iola, for the appellant.
*F. J. Oyler,* of Iola, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to foreclose a chattel mortgage and to recover from J. J. Ludlum the value of a portion of the mortgaged property which he had converted. Plaintiffs prevailed, and Ludlum appeals.

The Price Oil, Gas and Refining Company was a domestic corporation, whose charter was forfeited on December 3, 1919. The directors, who became trustees for creditors and stockholders of the corporation, were O. M. Franklin, A. L. Price, R. V. Christian, J. T. Botkin, F. S. Schoenleber, C. E. Botkin and E. A. Cornell. The trustees selected A. L. Price to take charge of and manage the business of closing up the corporate affairs. Price acted under the name "Price Oil Co." Using the name "A. L. Price, Trustee, doing business in the name of the Price Oil Co.," Price sold an oil and gas lease which had been the property of the corporation to Byington and Jennings. The sale included a well, casing in the well, oil tanks, operating machinery, other equipment on the leased land, and a two-inch pipe line. In part payment of the price, Byington and Jennings gave a note for $4,000 and a chattel mortgage securing the note to "Price Oil Co." The chattel mortgage described the land, and covered all material, supplies, and other things of value then on the lease, and all property and improvements which might be added. The mortgage was filed for record on November 16, 1920, and possession was given to Byington and Jennings, who operated the leasehold for a time, but failed to pay the note.

In August, 1921, Ludlum commenced an action to recover for labor performed on the lease, against "Price Oil Co., a corporation." An attachment was levied on a portion of the mortgaged property, service was made by publication, judgment was taken by default, and

the attached property was sold to Ludlum, who removed it.   These proceedings were taken without the knowledge of Price, who had sole charge of the affairs of the defunct corporation, and neither Price nor the trustees appeared in the action.   Price testified he did not employ Ludlum, and never saw him until the day of the trial of the present action.

Ludlum set up the proceedings in the attachment action in his answer in the foreclosure suit.   Plaintiffs contended they were void. The record in the attachment action disclosed that the action was one against "Price Oil Co., a corporation."   The petition alleged the corporation was a nonresident of the state of Kansas.   The affidavit for publication service stated that the Price Oil Company was a nonresident corporation whose residence was not known to plaintiff after diligent inquiry to learn its place of residence.   The publication notice and all other proceedings were directed against the "Price Oil Co., a corporation."   The directors of the Price Oil, Gas and Refining Company, except two, lived in Kansas, and A. L. Price resided in Wichita.

The case was tried before Honorable R. E. Cullison, judge of the district court of Allen county, who resigned before rendering a decision.   The case was then submitted by agreement to the court, Judge Cullison's successor presiding, on the record as it stood at the close of the first trial, without privilege of either party to offer additional evidence.   The court found the issues in favor of plaintiffs, found that Ludlum wrongfully converted the property seized and sold under attachment, and rendered judgment against Ludlum for its value.

The proceedings in the attachment suit were void as against plaintiffs, who were neither sued nor served with process.   There was no corporation bearing the name "Price Oil Co."   The name "Price Oil Co." was one chosen by the trustee managing the affairs of the directors of the defunct Price Oil, Gas and Refining Company. Doubtless the trustees might have been sued in the name which they permitted their manager to assume in transacting their business, and service might have been made on him, but that was not done.   The defendant was specifically described in the proceedings in the attachment suit as a corporation, and an examination of the proceedings, had Price known of them before judgment, would have disclosed not only that the defendant was a corporation, but was a nonresident corporation.   An immaterial variance in the name of a

defendant, whether a person or a corporation, is of no consequence. A mistake may be corrected by amendment or waived by appearance. (*Butter Tub Co. v. National Bank,* 115 Kan. 63, 222 Pac. 754; *Braymer Mfg. Co. v. Midwest & G. Oil Corporation,* 118 Kan. 439, 235 Pac. 847.) When a defendant in an action is described, and is served with process in terms which identify one person or corporation, the proceeding will not bind a different person or entity not served.

"It is well settled that a misnomer, in the case of a corporation, must be pleaded in abatement as well as in the case of a natural person. But, even in the case of a natural person, when the name of a defendant is mistaken, and he is sued by a name varying materially from his true name, the process will not warrant any proceedings against him; and if he be arrested, the officer will be a trespasser. [Citations.]

"And when a corporation is sued, if the name of the corporation is mistaken, materially and substantially, the corporation cannot be affected by the proceedings. There is in these cases a distinction made between a variance in words and syllables only, and a variance in substance. If a corporation be sued by a name varying only in words and syllables, and not in substance, from the true name, the misnomer must be pleaded in abatement; otherwise it will not be regarded. But if the name be mistaken in substance, the suit cannot be regarded as against the corporation. This seems to us to be the law, as established by adjudged cases. [Citations.]" (*Burnham v. Bank,* 5 N. H. 446, 449.)

In the case of *Whitney v. Masemore,* 75 Kan. 522, 89 Pac. 914, it was held that a publication notice must so clearly identify the defendant that persons reading the notice will know for whom it was intended, and a notice which does not convey this information does not confer jurisdiction.

In the case of *Maher and Mason v. Interstate Switch Company,* 58 Kan. 817 (for opinion see 51 Pac. 286), it was held that "Interstate Switch Company," a Missouri corporation, was not a defendant in an action against "The Interstate Switch Company," a Kansas corporation.

In the case of *Loan Co. v. Essex,* 66 Kan. 100, 71 Pac. 268, the syllabus reads:

"A default judgment rendered upon publication service against the 'Farmers' Loan and Trust Company,' purporting to bar the lien of a mortgage assigned of record to the 'Farmers' Loan and Trust Company, Trustee,' is not binding on the 'Farmers' Loan and Trust Company, Trustee.'"

In this instance, on August 27, 1921, five days after Ludlum's petition was filed, the secretary of state advised Ludlum's attorney

by letter that there was no record in the office of the secretary of state of "Price Oil Co.," either as a foreign or domestic corporation. Having filed a petition against nobody, Ludlum proceeded to serve a nonentity by publication, and judgment was taken against it by default. Property belonging to Byington and Jennings was attached as belonging to it, and was sold to Ludlum to satisfy a debt which Price testified he did not contract. Nobody appeared on behalf of the present plaintiffs, and in this action Ludlum pleaded his judgment. A judgment which is a nullity may be questioned whenever it is set up as a binding adjudication, and the result is, the lien of the recorded chattel mortgage was not affected.

It is contended the chattel mortgage was void for indefiniteness of description of property. The mortgage covered everything of value owned by the mortgagors on a definitely described oil and gas mining lease. The attached property was part of the mining equipment of the leasehold and, according to the decisions cited by Ludlum (*Souders v. Voorhees,* 36 Kan. 138, 12 Pac. 526; *Ehrke v. Tucker,* 99 Kan. 52, 160 Pac. 985), the description, aided by inquiries which it suggested, furnished a reasonable basis for identification.

The chattel mortgage was valid as against Ludlum at the time of the conversion. The action was not one to recover property sold on condition. The right of plaintiffs to proceed against Ludlum for conversion was determined early in the history of the case by rulings on demurrers to the petition, from which no appeal was taken. When the parties finally submitted the case, they agreed they would stand on the evidence transcribed, and Ludlum may not now complain of the rejection of evidence at the first trial. Ludlum contested plaintiffs' right to the property involved, made no offer to return it, did not ask privilege to return it, and consequently cannot complain of the judgment against him for its value. Plaintiffs do not admit, as Ludlum asserts, that they owe him; on the contrary, they assert Price did not employ him, and they are not indebted to him. Contrary to Ludlum's contention, the judgment against him is neither erroneous nor unjust.

The judgment of the district court is affirmed.