No. 27,954.

NINA M. BUTLER, *Appellant,* v. H. F. BEAVER et al., *Defendants;* R. B. STRABOLA, Garnishee, *Appellee.*

(265 Pac. 1106.)

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Review of Excluded Evidence—Necessity of Presentation in Motion for New Trial.* Complaint concerning the exclusion of evidence cannot be considered by the supreme court unless that evidence is presented to the trial court on the hearing of the motion for a new trial.

2. FRAUDULENT CONVEYANCES—*Waiver of Bulk-sales Act—Evidence.* The verdict was not contrary to the evidence.

Appeal from Crawford district court, division No. 1; GEORGE F. BEEZLEY, judge. Opinion filed April 7, 1928. Affirmed.

*Guy W. Von Schriltz, Ben W. Weir* and *E. W. Patterson,* all of Pittsburg, for the appellant.

*A. H. Carl,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff brought a suit in Crawford county against H. F. Beaver and Nellie G. Beaver to recover on a judgment rendered against them in favor of the plaintiff in Barton county, Missouri, and caused a garnishee summons to be issued to R. B. Strabola, who answered and said that he was not owing or indebted to either of the defendants, and did not have any property in his possession belonging to either of them. The plaintiff

Appeal and Error, 3 C. J. p. 976 n. 27; 4 C. J. p. 855 n. 80.

Butler v. Beaver.

took issue on the answer of Strabola as garnishee. That matter was tried to a jury, which, upon evidence and the instruction of the court, returned a verdict in favor of Strabola. From that judgment the plaintiff appeals.

1. There are a number of complaints concerning the exclusion of evidence which was offered by the plaintiff. That evidence was not produced on the hearing of the motion for a new trial in any way so that the court can examine it. Under section 60-3004 of the Revised Statutes and repeated decisions of this court, the complaints concerning the exclusion of evidence cannot be considered. (*Springer v. Keller,* 124 Kan. 33, 36, 257 Pac. 964.)

2. The plaintiff contends that the verdict was contrary to the evidence. There was evidence which tended to prove that the plaintiff and her husband owned and operated a grocery store on property which was owned by them; that they sold the store and the property to the defendants, H. F. Beaver and Nell G. Beaver; that in that transaction the Beavers gave a note to the plaintiff for $1,300; and that judgment by default was rendered against the Beavers on that note in Barton county, Missouri. This action is on that judgment. There was evidence which tended to prove that the Beavers sold the grocery store to the garnishee, R. B. Strabola, who paid the full purchase price for it when he purchased it, but the bulk-sales law was not complied with on that sale. There was evidence which tended to prove that the plaintiff had waived the right to proceed against Strabola on account of the manner in which the sale was made. The evidence was submitted to the jury under instructions not shown in the abstracts, but of which no complaint is made. The jury, under the evidence and the instructions, returned a verdict in favor of Strabola. That verdict is conclusive unless error is shown. None has been shown.

The contention of the plaintiff that the verdict was contrary to the evidence cannot be sustained. The plaintiff seeks to avoid the effect of the evidence tending to show a waiver by her by arguing that it was not pleaded by Strabola. In the garnishment proceeding there were no pleadings except the affidavit in garnishment, the garnishee summons, the answer of the garnishee Strabola, and the election to take issue on that answer. Besides, the evidence to show waiver seems to have been admitted without objection.

The judgment is affirmed.