No. 28,078.

SCHOOL DISTRICT No. 93 IN JOHNSON COUNTY, *Appellant*, v. THE ROANOKE STATE BANK, KATHERINE EHLERS, F. L. HAGAMAN, Administrator, etc., W. G. WEAVERLING, et al., *Appellees.*

(267 Pac. 35.)

*Donald H. Corson* and *Arthur J. Mellott,* both of Kansas City, for the appellant.

*J. H. Brady, T. F. Railsback* and *Louis R. Gates,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was an action to recover on a bond given by a bank to secure the return of certain funds which a school district treasurer had deposited in the bank.

The bank failed, and the bondsmen refuse to pay for several reasons which the trial court deemed sufficient and on which the judgment of this court is now invoked on appeal.

To amplify somewhat, the facts were these: School district No. 93 is a common-school district in Johnson county, and Dean E. Davis is its treasurer. Without authority of law, but with the assent and coöperation of the other members of the school board, Davis deposited certain funds belonging to school district No. 93 in a bank in Wyandotte county known as the Roanoke State Bank. The bank gave a bond in favor of the "board of education of Hudson school district No. 93, in Johnson county, Kansas" in the penal sum of $12,000—

"The condition of this bond being, that whereas, the aforesaid board of education, through its treasurer, Dean E. Davis, has deposited in said Roanoke State Bank the sum of two thousand dollars, and has received credit therefor in the form of a certificate of deposit, . . . now, if said bank shall well and truly pay to said depositor the sum of two thousand dollars, on surrender to it of the certificate for that amount, numbered ——, duly indorsed by Dean E. Davis, treasurer of said board of education, . . . then this bond shall be null and void, but if said moneys shall not be paid upon demand under conditions aforesaid, this bond to remain in full force and effect until July 31, 1927.                    "ROANOKE STATE BANK,
                                            "By GUS H. EHLERS, *President.*
                                    "GUS H. EHLERS,
                                    "C. C. EHLERS,
                                    "M. F. EHLERS,
                                    "W. G. WEAVERLING.
"Attest: W. G. WEAVERLING, *Secretary."*

The bank failed and the school district's funds were not forthcoming; two of the sureties on the bond are dead, and neither of

their administrators nor any of the other sureties have paid; and to plaintiff's petition they severally demur on various grounds which may be summarized thus:

1. That school district No. 93, Johnson county, Kansas, had no authority to make the depositary bond contract and has no legal capacity to sue thereon.

2. That the obligee of the bond, "The board of education of Hudson school district No. 93, in Johnson county, Kansas," has no legal existence.

3. That Dean E. Davis, treasurer of school district No. 93, Johnson county, Kansas, is not a party to the depositary bond contract on which the suit is brought and has no legal right to maintain this action.

4. That the depositary bond contract was made in violation of R. S. 9-216, 9-217, relating to the deposit of public funds in banks operating under the bank guaranty act.

5. That the petition did not state a cause of action.

It is needless to treat of all these technical points *seriatim*. So far as concerns the point that the obligee of the bond is nonexistent it is not impressive. If school district No. 93 were authorized to choose a depositary for its funds and to exact a bond for their return, this court would be inclined to minimize the discrepancy in the name of the obligee. (*Franklin v. Jennings,* 125 Kan. 553, 556, 264 Pac. 1041.) Moreover, such obligations may be reformed by the aid of a court of equity and enforced in accordance with their intended terms. (*Casten v. Kreipe,* 125 Kan. 182, 264 Pac. 55, and citations.)

However, it must be admitted that the school district had no authority to make a contract with the bank for the deposit and return of the funds of the school district. The statute imposes on the treasurer himself the responsibility for safeguarding the district's funds. He is not authorized to intrust them to anybody, and if he does the risk is personally his own; and he cannot escape that responsibility by getting the school board to assent to or coöperate with him in depositing the district's funds in a bank. If the school district treasurer cannot provide a safe place for the district funds in his own home or place of business, there is one perfectly safe place for them until they are needed to pay bills for teachers' salaries and current expenses. He can let them remain in the county

treasury, in the custody of a public officer who is equipped to take care of them. The theory of the law relating to school district moneys is that the treasurer's accountability therefor is unqualified, and if the funds are not instantly forthcoming by him when needed to pay bills, or when his successor in office requires them at his hands, it will be no excuse for him that with the sanction of the school board or by its order he deposited the funds in a bank, and that they have been lost or tied up by its insolvency. (R. S. 72-1016, 72-1020, 72-1021.) This court went carefully into this subject in *School District v. Carson,* 10 Kan. 238, where a school district treasurer sold some bonds of the district and put the money into a Fort Scott bank which failed. Disregarding intermediate problems arising therefrom, Mr. Justice Valentine said:

"We suppose the sole question intended to be raised in this court is whether the petition below states facts sufficient to constitute a cause of action; and involved in that question is the question: Who shall lose the money deposited with said bankers—the school district or the plaintiff? We know of no law authorizing a school-district treasurer to deposit the funds of the district with any bank or banker, and especially with a bank or banker outside of his district, and outside of his county, as in this case. Nor do we know of any law that authorizes the school board to 'instruct' or authorize the treasurer so to do. In our opinion the instructions of the board to the treasurer upon this subject were *ultra vires,* illegal, and void, and the depositing of said money with said bankers was wholly without any legal authority; and therefore, as the bank and bankers afterwards became insolvent (if they were not at the time insolvent), the plaintiff, and not the school district, must lose said money. The treasurer is the only legal custodian of the funds of the district, and he cannot relieve himself of responsibility for them by depositing them elsewhere, even with or without the authority of the board." (p. 245.)

Some years later, the case of *Rose v. Douglass Township,* 52 Kan. 451, 34 Pac. 1046, came before this court for review. In that case the township treasurer, with the knowledge and consent of the township board, but without any authority of statute, deposited the township funds in his hands in a bank, and the bank became insolvent. The township sued the treasurer and his bondsmen for the recovery of the township funds. A judgment in its favor was upheld. This court said:

"The fact that McNabb [treasurer] kept the township money on deposit in the bank, with the knowledge and consent of the township board, and that after the bank suspended the clerk of the township board presented a claim against the bank for the township money, and a dividend was paid the township upon such amount, does not release or discharge sureties for any balance

thereafter remaining due. The statute makes no provision for any township depository. McNabb deposited the money in the bank at his peril. (Gen. Stat. of 1889, ¶¶ 7120, 7094, 7079.) By accepting the office of township treasurer, McNabb assumed the duty of receiving and safely keeping the money of the township and paying it out according to law. He or his sureties are bound to make good any deficiency which might occur in the funds which came under his charge, whether they were lost in the bank or otherwise." (p. 453.)

In the late case of *School District v. Hand,* 124 Kan. 121, 257 Pac. 931, a delinquent school district treasurer sought to excuse his failure to turn over to his successor funds of the district because he had deposited them in certain banks by order of the school board. This court said:

"The treasurer of a school district is the legal custodian of its funds and, as such, liable to the district therefor. He cannot relieve himself from liability by depositing the funds in a bank or other depository, or by turning them over to any other member of the board. Neither can the direction, instruction, order, acquiescence or consent of the other members of the board as to his manner of caring for such funds, in the absence of statute, relieve him from liability. (See *School District v. Carson,* 10 Kan. 238; *Rose v. Douglass Township,* 52 Kan. 451, 34 Pac. 1046; *Phillips v. Bank,* 98 Kan. 383, 158 Pac. 23; 36 L. R. A., n. s., 285; 22 R. C. L. 468; *Crane Township v. Scroy,* 103 Ohio St. 258, 18 A. L. R. 979, and annotation in 18 A. L. R. 982; 29 Cyc. 1437.)" (p. 123.)

How do the principles discussed in these precedents affect this one at bar? It seems clear that a cause of action cannot be maintained on the depositary bond. The school district has a plain, direct, statutory action on the treasurer's bond, and it should not waste its time and funds in pursuing secondary and debatable possibilities for their recoupment, although a paper judgment could probably be recovered against the insolvent bank itself. (*School District v. Croft State Bank,* 121 Kan. 163, 246 Pac. 973.) As treasurer, Dean E. Davis has no justiciable right to maintain this action on this bond. As a private individual he has, of course, his claim as a depositor against the insolvent institution; but, under the authorities cited and quoted above, the demurrer to the cause of action attempted to be stated in his behalf as well as on behalf of the other titular plaintiffs was properly sustained.

We have not failed to note the cases cited by appellants. They deal with situations where public funds were deposited in banks by authority of law, and have no bearing on such a case as the one here presented.

We are also reminded by counsel that bonds executed by bank officers. and their friends to secure deposits are valid. Quite true. And if Dean E. Davis, as a private citizen and on his own responsibility, had deposited money—no matter whose money—in this bank and had exacted in his own behalf a bond therefor, he could of course have enforced such bond. We have no such case to consider.

The judgment is affirmed.