No. 30,536.

May Blankenship, Rose Landesburg, Myra Kern and Dora Treff, as Individuals and as The Walker Community Club of District No. 28, *Appellants*, v. School District No. 28 in Wyandotte County, *Appellee.*

(15 P. 2d 438.)

Opinion filed November 5, 1932.

*David F. Carson* and *William Drennan,* both of Kansas City, for the appellants.

*James F. Getty,* of Kansas City, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Plaintiffs brought this suit for part of the proceeds of an insurance policy which covered a schoolhouse that was burned. They were defeated and appeal.

The facts in brief were these:

Plaintiffs represent a group of women calling themselves The Walker Community Club. They reside in and around school district No. 28, a short distance north of Bonner Springs. They are interested in community welfare. In 1927 plaintiffs had about $600 in money which they desired to expend in the construction of an annex to the public schoolhouse in the defendant district. They proposed that this annex should serve the double purpose of a stage for recitals in school exercises and as a clubroom for plaintiffs in their social work. The members of the school board informally acquiesced in this project, and $150 of the district's funds were contributed to it. Plaintiffs induced their husbands and others to donate work; local business men supplied materials at reduced prices; and sometime in the spring of 1928 the annex was completed. Plaintiffs placed a piano in the annex, and supplied chairs, a stage curtain and other equipment. They used the annex for their club activities. The annex was also used as a stage by the school children in occasional programs in connection with their school work. A basement under the annex was used for storing fuel for the schoolhouse.

Prior to the construction of the annex the district carried a policy of fire insurance on the schoolhouse for $1,300. After the annex was added the policy was changed to one for $2,500 which the defendant district paid for. Plaintiffs carried a separate policy of insurance on the piano.

In August, 1928, the schoolhouse was destroyed by fire and defendant collected the insurance. Plaintiffs laid claim to $1,200 of the amount collected. This claim was ignored, and this lawsuit followed.

Plaintiffs' petition alleged that they built the annex with the consent and approval of the members of the defendant school board. They also allege that it was agreed between plaintiffs and the school board that the annex should be the exclusive property of the Walker Community Club, and that its cost was $1,200. Plaintiffs also

alleged that the annex never was the property of the school district, and that $1,200 of the insurance money collected by defendant belonged to plaintiffs, and that defendant refused to pay that sum to plaintiffs, "to the damage of the plaintiffs" in the sum of twelve hundred dollars.

Defendant answered with a general denial, but admitted the construction of the annex, and alleged—

"That the plaintiffs in constructing said addition tore out some of the partitions of the school building then belonging to the defendant, and built said addition onto said school building in such a way that it was not practicable to remove the same from said school building without serious damage to said school building, and such removal would have necessitated the rebuilding of a portion of said school building in order to render it possible to again use the same for the school purposes for which it had been constructed and maintained."

Defendant further alleged—

"That at the time said addition was constructed the defendants understood and believed that said addition would become and be a part of the real estate and property which would thereafter belong to the defendant, and the defendant believes and alleges the fact to be that the plaintiffs at said time also so understood and believed. That the money collected by the defendants from the insurance as set out in the plaintiffs' petition is a fund which the defendant is required to use for school purposes and which the defendant has never agreed, and had no right to agree, to pay over to the plaintiffs individually, or collectively."

The trial court heard plaintiffs' evidence at length and defendant's demurrer thereto was sustained. Judgment was rendered accordingly, and plaintiffs appeal.

It is first contended that the court erred in refusing to admit plaintiffs' tender of evidence showing an agreement between them and the school board whereby the Community Club was to have the title to the annex and its equipment. To this there are several conclusive answers. This rejected evidence was never produced as required by the code, consequently it cannot be considered. (Civ. Code, § 307; R. S. 60-3004; *Leach v. Urschel*, 112 Kan. 629, 635, 636, 212 Pac. 111; *Braymer Mfg. Co. v. Midwest & G. Oil Corporation*, 118 Kan. 439, 235 Pac. 847; *Springer v. Keller*, 124 Kan. 33, 36, 257 Pac. 964; *Hilton v. Sheridan Coal Co.*, 132 Kan. 525, 531, 297 Pac. 413.)

Since the annex was attached to the real estate it became a part of it by operation of law unless the parties concerned had a binding

contract to the contrary; and under the statute of frauds such a contract would have to be in writing and signed by the parties to be bound by its terms. (R. S. 33-106, and annotations; R. S. 1931 Supp. 33-106 and annotations.)

Moreover, such a contract as that alleged by plaintiffs would be altogether beyond the power of the school board to make. The powers of the school board are such as are conferred by statute, and certainly no such statute can be cited. Neither can it be said that by necessary implication would the school board have power to make such a contract as the one alleged by plaintiffs.

"The limits of an officer's authority are found in the law." (*Hartford Fire Ins. Co. v. State*, 9 Kan. 210, 226.)

"When, by statute, official powers and duties are conferred or imposed upon a public officer or official board, the only implied powers possessed by such officer or board are those which are necessary for the effective exercise and discharge of the powers and duties expressly conferred and imposed." (*State, ex rel., v. Younkin*, 108 Kan. 634, syl. ¶ 4, 196 Pac. 620.)

In *Stewart v. Gish*, 109 Kan. 206, 198 Pac. 259, an arrangement was made between a rural high-school district and a common-school district whereby they proposed to construct one school building sufficient for the needs of both institutions. A taxpayer challenged the validity of this project. The trial court ruled against him, but this court held that there being an absence of express legislative authority for the two school districts to erect a schoolhouse for their common benefit, the proposed undertaking would have to be enjoined.

Counsel for appellants cite familiar cases to the effect that where a public body, school district, city, county or the like, has received and retains the benefit of an illegal contract it cannot ordinarily avoid payment therefor on the ground of *ultra vires* or illegality. There is such a doctrine, but it has no application here. The school district did not agree to pay for the annex. It did not agree to insure the annex for the benefit of the plaintiffs. It did not agree that if the schoolhouse should be burned and the insurance collected it would hand over part of the insurance money to plaintiffs.

No semblance of error appears in the record, and the judgment of the district court is affirmed.