IOWA T. SHIVELY v. H. V. BEESON, *et al.*

SEC. 23 OF CIVIL CODE, *Construed.* Section 23 of the code operates simply to continue alive a right of action for one year after failure of prior action otherwise than upon the merits, and was not intended to limit the general power of transfer of rights of action founded upon contract, or the right of the transferee to sue in his own name.

### *Error from Miami District Court.*

ACTION brought by *Shively* against *Beeson* and four others, upon a certain promissory note. The petition (court and title omitted) is as follows:

" "The plaintiff, Iowa T. Shively, complains of the said defendants, for that on the 6th day of April, 1870, the defendant H. V. Beeson executed and delivered his promissory note in writing of that date to W. T. Shively, guardian of Ida Ward, in the words following, to wit:

'$1,500.                    PAOLA, KANSAS, April 6, 1870.

'Fifteen months after date, we promise to pay to the order of W. T. Shively, guardian of Ida Ward, fifteen hundred dollars, with 8 per cent. interest per annum from date until paid. Value received.

H. V. BEESON.'

That prior to the delivery of said promissory note the defendants G. A. Colton and A. J. Shannon indorsed the same as guarantors.

"Plaintiff further states that on the 7th day of July, 1874, said W. T. Shively, late the guardian of the said Ida Ward as aforesaid, assigned said note to one A. G. McKenzie and Wm. Crowell for a valuable consideration, and that on the 9th day of July, 1874, the said A. G. McKenzie and Wm. Crowell filed their petition in this court against the said H. V. Beeson, G. A. Colton, A. J. Shannon, and A. Wilgus, assignee of Ida Ward (?); that said defendants were duly served with process in said case, and that said case was duly pending in said court, till about the 21st day of October, 1878, when the same was duly dismissed without prejudice to another action, they, the said plaintiffs, A. G. McKenzie and Wm. Crowell, ceasing to have or claim any further interest in the said promissory note by reason of said assignment.

"Plaintiff further saith, that she is now the owner and holder of said note, and that on the — day of October, 1879,

the said A. G. McKenzie duly assigned said promissory note to this plaintiff, and she says that the said Wm. Crowell refused to assign said note to her, though requested so to do, and still does so refuse; and she further saith, that on the 13th day of October, 1879, the said Wm. T. Shively duly assigned all his interest in said note to her for a valuable consideration, and she avers that she is the owner and holder of said promissory note, and that no part thereof has been paid, but that there is now due from said defendants, H. V. Beeson, G. A. Colton, A. J. Shannon, and A. Wilgus, assignee of H. V. Beeson, to the said plaintiff on said note, the sum of fifteen hundred dollars principal, and interest thereon at 8 per cent. from the 6th day of April, 1870.

"The plaintiff further saith, that the defendant, A. Wilgus, claims to be the assignee of said H. V. Beeson under an assignment by said H. V. Beeson to said A. Wilgus for the benefit of creditors, but plaintiff avers that said assignment, if any was made, was and is fraudulent and void as against said W. T. Shively, or said W. T. Shively as guardian of Ida Ward, and as against this plaintiff. And the plaintiff avers that the said Wm. Crowell has no interest in said promissory note.

" Wherefore, the said plaintiff prays judgment against the said H. V. Beeson as principal, and against the said G. A. Colton and A. J. Shannon as guarantors, and the said A. Wilgus as assignee of the said H. V. Beeson, for the sum of fifteen hundred dollars, together with interest thereon at the rate of 8 per cent. per annum, besides the costs of suit, and that the said Wm. Crowell be adjudged to have no interest whatever in this case or the proceeds arising from said promissory note."

The note was indorsed as follows:

"G. A. Colton. A. J. Shannon."

" July 7, 1874. I assign the within note to Wm. Crowell and A. G. McKenzie, my sureties as guardian of Ida Ward.

"W. T. SHIVELY, *Guardian of Ida Ward.*"

"PAOLA, KANSAS, Oct. —, 1879.

" I assign all the right and title that I may have acquired by virtue of an assignment made to myself and Wm. Crowell, by W. T. Shively, late guardian of Ida Ward, to a certain note, of date April 6, 1870, given by H. V. Beeson and secured by A. J. Shannon and G. A. Colton, for ($1,500) fif-

teen hundred dollars, bearing interest at 8 per cent. per annum, to Iowa T. Shively, without any recourse upon me.

"A. G. McKenzie."

"I assign my interest in the within note, to Iowa T. Shively, Oct. 13, 1879.          W. T. Shively."

To the petition the defendants filed a general demurrer, which was heard and sustained at the February Term, 1880, of the district court, and a judgment was rendered accordingly for the defendants. The plaintiff brings the case here.

*Wm. B. Brayman,* for plaintiff in error:

Notwithstanding § 23 of the civil code, and the case of *McWhirt v. McKee,* it is claimed by the defendants that this was a personal right which could not be assigned, and that § 23 must be strictly construed, and that the exception, "if he die, and the cause of action survive," his representatives may commence a new action within one year after the reversal or failure, limits the right to bring the action to him and to his legal representatives. With such a construction, what becomes of the provisions of our legislature, that this code shall be liberally construed with a view to substantial justice, as required by § 115? By what construction of law or provision of our statute is a person deprived of the right to sell, assign and transfer a promissory note, even after due? Does the fact that he has attempted to collect the same and, for reasons of his own, has dismissed his action, deprive him of any such right? Can it make any difference to the defendants that the note passed to the plaintiff by assignment, and not by descent to his legal representatives?

Sec. 27 of the code seems expressly to authorize the assignment of a thing in action, subject, however, to any legal set-off. Sec. 26 provides that the action must be in the name of the real party in interest. At common law the action would have to be brought in the name of the assignor for the benefit of the assignee; but our code (§ 26,) provides that the action *must* be in the name of the *real party* in interest, thus doing away with the fiction of the common law, and with the

force of the decision in the case of *Williams v. Council*, 4 Jones (N. C.) L. 206, relied on by the defendants. This case was decided upon a statute differing widely from our own. See also 1 Vern. Ch. Rep. 74; 1 Parsons on Cont. 195, 198; Edwards on Bills, 208, 209.

Defendants rest their case on the common-law rule "that no possibility, right, title, or thing in action can be granted to third persons," as it was thought that a different rule would be the occasion of multiplying contentions and suits, and as it would in effect be transferring a lawsuit to a mere stranger. "Courts of equity have long since totally disregarded this nicety. They accordingly give effect to assignments of trusts, possibilities of trusts, contingent interests, and expectancies, whether they are in real or personal estate, as well as to assignments of *choses in action*. Every such assignment is considered in equity as in its nature amounting to a declaration of trust, and to an agreement to permit the assignee to make use of the name of the assignor in order to recover the debt or to reduce the property into possession." (2 Story's Eq. Jurisp., §§ 1040, 1054, 1521, and cases cited; see also 4 Ohio St. 465; 1 Nash's Pl. & Pr. 38; Edwards on Bills, 52, 53, 54, 270, 271; 11 Kas. 470.)

*Beeson & Baker*, for defendants in error:

The plaintiff seeks to evade the statute of limitations by pleading that an action was brought upon the note by former holders thereof, on the 9th day of July, 1874, and that that action was dismissed without prejudice upon the 21st day of October, 1878. So it appears from the petition that the present action was brought within a year from the time the former action was dismissed.

The question presented is, whether the case stated in the petition comes within the exception prescribed in § 23 of the civil code. The plaintiff in this action seeks to get the benefit of an exception to the general rule. Unless she brings her case within the exception, the action connot be maintained. The statute contemplates that the plaintiff shall be

the same as in the original suit, except in case of his death; and in case of the death of the original plaintiff, then his representatives may sue within the year. And it is only in case of the death of the original plaintiff that any other than the original plaintiff is allowed to institute a new suit. There is no averment that the plaintiffs in the original suit are dead. But the plaintiff sues as assignee of the original plaintiffs. The legislature seems to have been apprehensive lest injustice should be done litigants who have exercised due diligence by suing within the time prescribed by the statute, and have not yet had a decision upon the merits. But in providing for the protection of diligent litigants who have not had the benefit of a decision upon the merits, it did not intend to give a plaintiff the power to harass a defendant as long as he desires to so do, and then dismiss his suit and assign his claim to another party who could commence a new action upon it. It did not intend to encourage parties in reviving lawsuits which have been abandoned by the original plaintiffs. To give this section the construction contended for by the plaintiff in error, would be to add to the law by interpolating the words, *or his assignee.* If the legislature intended to give an assignee the right to sue within the year, it would have said so.

"The proviso that the plaintiff may commence a new action within a year after suffering a nonsuit, means that the plaintiff must be the same, and the cause of action the same, but the defendant may be different." ( *Williams v. Council*, 4 Jones (N. C.) L. 206; *Bennington v. Dinsmore*, 2 Gill [ Md.] 348.)

The opinion of the court was delivered by

BREWER, J.: This was an action brought by plaintiff in error, to whom a promissory note for $1,500, of April 6, 1870, and due fifteen months after date, had been assigned by successive assignments from the payee, W. T. Shively, to this plaintiff. The petition recites that an action was commenced on this note on the 9th day of July, 1874, and that said action was pending until the 21st day of October, 1878,

when the suit was dismissed without prejudice to another action. At the time the suit was dismissed, a prior assignee in the action was the owner of the note, as well as the plaintiffs in the action, and remained the owner until October 13, 1879, on which day he assigned the same to the plaintiff in error. On October 15, 1879, plaintiff commenced this suit, and defendants were served October 17, 1879. Defendants filed a general demurrer to plaintiff's petition, which upon hearing was sustained. From this ruling plaintiff brings error.

The question is, as to the effect of § 23 of the code, which reads:

"If any action be commenced within due time, and a judgment thereon for the plaintiff be reversed, or if plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he die, and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."·

Now the argument is, that this creates an exception, and that plaintiff must bring herself within its very terms, or take nothing by it. The section says, the plaintiff, or, in case of his death, his representatives. There is no allegation of death, and she does not claim to be the plaintiff in the former action. Having named the parties who may sue, all others are excluded. A privilege is granted, which is limited to certain specified parties. · No general prolongation of the right of action is intended, but simply a special reservation to the plaintiff personally, or, in case of his death, his representatives. The very fact that the latter are· mentioned, shows that the intention was to limit to the parties named. *Williams v. Council*, 4 Jones (N. C.) L. 206, is cited in support of these views, in which the court decides that "the proviso that the plaintiff may commence a new action within a year after suffering a nonsuit, means that the plaintiff must be the same, and the cause of action the same, but the defendant may be different." This argument is plausible and strong, and is exceedingly well put by counsel for defendants in

error. Nevertheless, we are constrained to believe that it is not the correct exposition of the statute. Of course, the intent of the legislature controls, and every section must be read in the light of other statutes. By this section it is conceded that a right of action is preserved to the plaintiff. He may sue within a year. It is a right vested in him, a right whose existence defendants do not question. This right of action, being founded on contract, may by general law be assigned and the action maintained in the name of the real party in interest. After suit he may assign, and the assignment by special statute works no abatement, but the suit may progress in his own name, or in the name of the assignee. (Code, § 40.) As the prior plaintiff, if still the owner, could beyond question have sued within the year, and after suit assign to plaintiff, it would seem that no valid reason exists why, under the general law of assignment, he might not transfer his claim before suit, and permit the assignee to commence suit in his own name. The assignment, being specially operative by statute in certain cases, should be generally operative, unless expressly prohibited, or unless against public policy. It would seem trifling to say that a party may commence suit, then assign and permit the action to continue in the name of the assignee, but that he might not assign before suit. Such construction would be an insisting upon form to the neglect of substance. ·Yet the former, the statute expressly authorizes. A prohibition of the latter should not be implied. Substance of right is vital, and form only secondary. Substance of right being with the plaintiff, mere implication should not make form controlling and destructive of substance. Full force may be given to said § 23, by making it operative simply to keep the right of action alive for one year after failure of prior suit. Were the cause of action to be assigned pending prior suit, it might legally continue in the same name till its termination. If it failed, otherwise than upon its merits, is the cause of action lost? The former plaintiff could not sue, because he has ceased to be the real party in interest, and, according to defendants'

argument, the purchaser of the cause of action could not sue, because he was not the prior plaintiff. Suppose, not by voluntary assignment but by order of the court, the claim is transferred to a receiver: does a failure of the prior action defeat any future recovery? Certainly, if defendants' argument is sound. We cannot think such the intent of the legislature. Rather it seems to us that the intent is to preserve the right of action for a year after failure of suit, leaving that right of action free to transfer, and the subsequent plaintiff to be determined by other sections as to the real party in interest and the right of transfer.

This is the only question in the case, and it appearing that the court erred in the construction of this statute, the judgment must be reversed, and the case remanded with instructions to overrule the demurrer.

All the Justices concurring.