EMIL WERNER *et al.* v. CHARLES HATTON *et al.*

1. ABATEMENT OF ACTION—*Transfer of Interest.* An action on an account does not abate because of a transfer of interest therein; but, under § 40 of the code of civil procedure, may be continued in the name of the original party, where no substitution is made.

2. ———— *Set-Off.* A note executed by one partner for his individual debt cannot, without the express consent of the other partner, be received in evidence as a set-off against an account due the firm, nor is it admissible where the claim has been assigned after suit brought, without the consent of the assignee.

*Error from Sedgwick District Court.*

THE opinion states the case.

*Amidon & Conly*, for plaintiffs in error.
*Hatton & Ruggles*, for defendants in error.

The opinion of the court was delivered by

ALLEN, J.: The defendants in error, Hatton and Ruggles, brought suit against Emil Werner and Rosa Werner, before a justice of the peace, to collect a balance of attorneys' fees of $191. The case was appealed to the district court, tried by a jury, and a verdict and judgment rendered in favor of the plaintiffs for the amount claimed. The defendants claim that the evidence shows that the account sued on did not belong to the plaintiffs. The evidence does show that the account belonged to the plaintiffs at the time suit was brought, and was afterward assigned by them, but to whom it was assigned is not shown. Section 40 of the code expressly provides that in case of a transfer of the claim sued on the action may be continued in the name of the original party. With reference to the $25 check for which defendants claim credit, there is evidence showing that it was paid to Mr. Ruggles on his individual account, and not on firm account at all. The individual note of H. G. Ruggles, which it was sought to set off against the account, was clearly inadmissible in evidence.

The admission in the record is, to say the least, very equivocal. We confess we do not clearly understand what it means. It reads as follows: "Defendant now offers the note in evidence for a further reason. It is admitted that this note shall be a set-off against this partnership debt, but plaintiff objects to the introduction of the note as an offset to any part of this claim." The court excluded the note. While the fore part of this statement reads like a consent that the note may be regarded as a set-off, the concluding part is an objection to it. Inasmuch as the individual note of one partner cannot be used as a set-off against a partnership account without the consent of the other partner, before we can hold that the court erred in excluding the evidence there must be an unequivocal consent to its admission. This is not shown by the record. The judgment is affirmed.

All the Justices concurring.