### J. A. LINVILL v. JOHN T. BROWN, AND LEVI KNOX, *Sheriff*.

**No. 756.**   (60 Pac. 476.)

PRACTICE, DISTRICT COURT—*Injunction—Another Remedy*.  A petition for a temporary injunction, restraining the sale of real estate upon execution until the judgment supporting the execution could be opened, under section 78 of the code (Gen. Stat. 1897, ch. 95, § 78; Gen. Stat. 1899, § 4327), providing for the opening of a judgment where service of summons is obtained by publication only, held demurrable, since the relief sought by injunction is obtainable by opening the judgment.

Error from Greenwood district court; C. W. SHINN, judge.   Opinion filed March 19, 1900.   Affirmed.

*J. B. Clogston*, and *L. E. Clogston*, for plaintiff in error.

*Hodgson & Hodgson*, for defendants in error.

The opinion of the court was delivered by

MILTON, J.:  This action was brought by the plaintiff in error to obtain a temporary injunction restraining the defendant John T. Brown from enforcing or attempting to enfore a certain judgment against the plaintiff until his application to have such judgment opened, under the provisions of section 78 of the code (Gen. Stat, 1897, ch. 95, § 78; Gen. Stat. 1899, § 4327)

could be heard, and restraining the defendant Levi Knox, as sheriff of Greenwood county, from selling the plaintiff's land under an execution issued upon said judgment. That judgment was based upon service by publication, and also upon personal service by the sheriff of the county in Illinois where Linvill resided. The petition herein attempts to show that Brown, as the plaintiff in the other action, was not entitled to the judgment he obtained against Linvill. The defendant filed a demurrer to the petition, and the demurrer was sustained. The plaintiff below alleges that the trial court erred in sustaining the demurrer and in entering judgment in favor of the defendants for costs.

The order sustaining the demurrer and the judgment for costs must be affirmed. The plaintiff sought a temporary injunction only to prevent the execution sale and to restrain further proceedings under the judgment until he could have it opened, under the provisions of section 78. The validity of the original judgment against the plaintiff depends upon the sufficiency of the publication notice and not upon the personal service of summons out of the state; for it is clear that the summons so served was insufficient to authorize the attachment proceedings whereunder the plaintiff's land was about to be sold, since it contained no notice of such proceedings. (*Rapp v. Kyle*, 26 Kan. 93.) The publication notice is not in the record. Its sufficiency must be presumed. The plaintiff was not entitled to an injunction as prayed for, for the reason that the relief he sought could have been obtained under section 78 by the opening of the judgment in the original action. In the case of *Johnson v. Lindsay*, 27 Kan. 514, one paragraph of the syllabus reads :

" Where a sale of real estate has been made under a

judgment rendered without other service than by publication in a newspaper, and before the confirmation of such sale the judgment is opened up and the defendant is let in to defend under the terms of section 77 of the code, all the proceedings subsequent to the judgment, including the sale, are to be vacated and wholly set aside."

It thus appears that the plaintiff in the present action had, at the time of the filing of the petition for the injunction, an adequate remedy at law. Other questions discussed by counsel do not require special mention.

The judgment of the district court is affirmed.