Owens v. Wagers.

---

No. 25,921.

H. B. OWENS, *Appellant*, v. PARK WAGERS, *Appellee.*

SYLLABUS BY THE COURT.

HOMESTEAD — *Attachment — Enjoining Sale—Adequate Remedy at Law.* The homestead of a resident of this state was attached during his temporary absence from the state, in an action on a promissory note. Service was made by publication, and judgment was rendered appropriating the land to payment of the sum due on the note. The defendant, and his wife who was not a party, moved to enjoin the sale, on the ground the land was their homestead, and consequently exempt from sale. *Held,* the remedy at law by application to open the judgment was not adequate, and the motions for injunction were properly allowed.

Appeal from Lyon district court; WILLIAM C. HARRIS, judge. Opinion filed May 9, 1925. Affirmed.

*O. T. Atherton,* of Emporia, for the appellant.

*S. S. Spencer,* and *O. S. Samuel,* both of Emporia, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The proceeding in the district court was one to enjoin the sale of attached land. Injunction was granted, and plaintiff in the attachment action appeals.

Owens, who lives in Missouri, sued Park Wagers on a promissory note while Wagers was residing temporarily in Missouri, and attached Wagers' homestead. Service was made by publication, and judgment was rendered for appropriation of the land to payment of the sum due on the note. After the land was advertised for sale, Wagers moved the court to enjoin the sale because the land was his homestead. Wagers' wife, who was not a party to the action, intervened, and prayed for the same relief, on the same ground. After a hearing the court found for the Wagers, and enjoined the sale. Owens contends that Park Wagers had an adequate remedy at law by moving to open the judgment under R. S. 60-2530 (*Linvill v. Brown,* 9 Kan. App. 747), and contends that Mrs. Wagers

had an adequate remedy by adopting the same procedure, since her property rights were affected. (*Cheyenne County v. Walter*, 83 Kan. 743, 112 Pac. 599.)

In *Linvill v. Brown* the plaintiff brought an independent action for a temporary injunction to prevent a sale on execution issued on a judgment against him based on publication service, and to restrain further proceedings until he could have the judgment opened. The court said he might have secured the desired relief by having the judgment in the original action opened. No homestead question was involved, and it may be observed that, unless the district court was prepared to determine an application to open the judgment before sale, application for an order restraining sale, made in connection with application to open the judgment, would have been meritorious. In *Cheyenne County v. Walter* the court extended the privilege of opening a judgment based on publication service to one who would be bound by the judgment as assignee of the defendant. In *Leslie v. Gibson*, 80 Kan. 504, 103 Pac. 115, the same privilege had been extended to a grantee of the defendant. In this instance, remedy by way of opening the judgment was not adequate because of the conditions attached to its employment. A party or privy seeking to open a judgment based on publication service must file a full answer to the petition, pay all costs if required, and satisfy the court he had no actual notice of pendency of the action in time to appear and defend. (R. S. 60-2530.) Mrs. Wagers was not obliged to assume these burdens in order to protect her homestead privilege, and whether or not Wagers knew of the pendency of the action, or had a defense to the note, his homestead was exempt from sale under the attachment.

The judgment of the district court is affirmed.