No. 29,313.

J. A. Hoel and Bessie Hoel, *Appellants*, v. The City of Kansas City et al., *Appellees.*

(291 Pac. 780.)

Opinion filed October 11, 1930.

*Fred Robertson, Edward M. Boddington* and *W. E. Stickel,* all of Kansas City, for the appellants.

*L. S. Harvey, Alton H. Skinner* and *John C. O'Brien,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

JOCHEMS, J.: This action was brought by plaintiffs to test the reasonableness of a zoning ordinance. Defendants prevailed, and plaintiffs have appealed to this court.

R. S. 13-1101 authorizes cities of the first class having a population in excess of 20,000 to divide the city into zones and regulate and restrict "the uses of the land within each district or zone." R. S. 13-1106 provides:

"That any ordinance or regulation provided for or authorized by this act shall be reasonable, and any taxpayer or any other person having an interest in property affected, may have the reasonableness of any ordinance or regulation determined by bringing an action, in the district court of the county in which such city is situated, against the governing body of said city."

The case was tried on an agreed statement of facts showing, in substance, that the property involved in the litigation is located on the west side of Eighteenth street between Washington boulevard and Oakland avenue and comprises the entire frontage on the west side of Eighteenth street in that block. The city, by the ordinance in question, zoned it as residence property.

Under the original zoning ordinance passed by the city this property and all other property on Eighteenth street in the blocks immediately north and south was zoned as "commercial property." The original ordinance was amended by the ordinance now attacked and a change was made designating the plaintiffs' property as residence property instead of commercial property. The property on the east side of Eighteenth street immediately across the street from plaintiff's property, and also that in the blocks lying north and south for a considerable distance on Eighteenth street, remains as "commercial" property.

Eighteenth street is one of the main-traveled thoroughfares of the city. The record shows that in some of the blocks on Eighteenth street some business buildings have been erected, but that in the block in question no buildings had been erected on either side of the street prior to the institution of this suit. After this action was started, and during its pendency, plaintiffs transferred title to the property to the Grace Lutheran church. The church made an excavation upon the lots, built a foundation and basement, put a roof over it and is now using it for church purposes, although the church is not completed. No reason is apparent from the record why the

city deemed it necessary or advisable to zone plaintiffs' property on the west side of Eighteenth street as residence property and allow that on the east side of the street both north and south of plaintiffs' property to remain as a commercial district.

In support of their contention that the ordinance is unreasonable appellants argue that after this ordinance was passed the owner could no longer sell his property for commercial purposes; that it was of no value for residence purposes because no one would want to build a residence on a location surrounded by property zoned for commercial purposes; that the only thing the owner could do was to search out a buyer who could use the property for church purposes, inasmuch as the erection of a church is not prohibited in a residence district, and people desiring to build a church would not have the same objection to locating it on property surrounded by commercial property as an individual would have to locating a residence in a similar situation.

The appellants further say:

"But if the church which now owns the property should decide to sell it and go elsewhere, it would be confronted with the same difficulty. The value of its property has been decreased by the arbitrary and unreasonable action of appellees, in violation of the fourteenth amendment to the constitution of the United States, and it is entitled to redress."

The appellees take the position that the action is no longer being prosecuted by the real party in interest, and call the court's attention to R. S. 60-401, which reads:

"Every action must be prosecuted in the name of the real party in interest except as otherwise provided in section 27, but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract."

In answer to the position taken by the appellees, appellants have filed a reply brief in which they urge that the church, as the transferee of the original plaintiffs, has a right to continue with the action in the name of the original parties. In support of this they cite R. S. 60-415, which reads:

"An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of a party the court or judge may allow the action to continue by or against his representative or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party, or the court or judge may allow the person to whom the transfer is made to be substituted in the action."

But for the statute last quoted the position of the appellees would be correct. Under the last-quoted section it is made clear, however, that if during the pendency of an action the original parties transfer their interest either of two alternatives may be taken: (1) The action may be continued in the name of the original party, or (2) the court or judge may allow the person to whom the transfer is made to be substituted in the action. In the present action no substitution was made and no application was made therefor, but the church as the transferee of the interest of the original plaintiffs claims its right to continue the action in the name of the original parties. This we hold to be permissible under R. S. 60-415, *supra.* See prior decisions as follows: *Shively v. Beason,* 24 Kan. 352; *Werner v. Hatton,* 54 Kan. 250, 38 Pac. 279; *Burris v. Reinhardt,* 120 Kan. 32, 242 Pac. 143.

In support of the judgment of the court the appellees cite *West v. City of Wichita,* 118 Kan. 265, 234 Pac. 978, in which this court said:

"The declaratory-judgment law is available only in 'cases of actual controversy.' (R. S. 60-3127.) The zoning ordinance may be unreasonable when applied to a specific use which an owner desires to make of specific property, but until such a situation is presented there is no actual controversy between the owner of property and the city concerning the zoning ordinance. The owner is not entitled to litigate under this statute questions which may never affect him to his disadvantage. To speculate upon possible uses that the owner or his vendee might desire to make of the property and seek a judgment determining them is simply to ask the opinion of the court with reference to a situation that may never arise."

It is true that the West case, *supra,* was decided under the declaratory-judgment act, but the same reasoning applies in the case at bar. This is not a case brought under the declaratory-judgment act, but how can a court determine whether the ordinance in question is reasonable or unreasonable unless some specific showing of injury is made? The record in this case does not show any actual impairment of value or loss to the plaintiffs. Plaintiffs did not prove that the property as zoned for residence purposes had a lower value than when zoned for commercial purposes. They did not show that they were ready to or desired to put the property to some other use or that they had a purchaser who was willing to accept the property for commercial purposes but not for residence purposes. Neither does the present owner, the church, show any injury to it through the operation of the ordinance. Manifestly the church bought the property with full knowledge of the situation. The zoning ordinance

fixing the residence use upon the property was in existence when the church acquired the property and it could not, therefore, have been prejudiced. The church did not show in the agreed statement of facts that it desired to sell the property for commercial purposes or that it had a buyer who would be willing to take it for that purpose but was not ready to take it for residence purposes. As far as the record goes the plaintiffs in this case ask the court to render a judgment with reference to a situation that may never arise, as pointed out in the West case. This we cannot do.

The appellants rely strongly upon the case of *Euclid v. Ambler Co.*, 272 U. S. 365, quoting therefrom as follows:

"The effect of the allegations of the bill is that the ordinance of its own force operates greatly to reduce the value of appellee's lands and destroy their marketability' for industrial, commercial and residential uses; and the attack is directed, not against any specific provision or provisions, but against the ordinance as an entirety. Assuming the premises, the existence and maintenance of the ordinance, in effect, constitutes a present invasion of appellee's property rights and a threat to continue it. Under these circumstances the equitable jurisdiction is clear." (p. 386.)

An examination of that case shows that the ruling was made upon a motion to dismiss the bill of complaint on the ground that the complainant had made no effort to obtain a building permit or applied to the zoning board of appellants for relief, and that the suit was premature. The court held that the motion to dismiss was properly overruled and the court had jurisdiction because of the allegations contained in the bill to the effect that the ordinance "operates greatly to reduce the value of appellee's lands and destroy their marketability," etc. In that case the only question before the court was the sufficiency of the pleading.

In the case at bar a trial has been had; the issues drawn; an agreed statement of facts made, and the case submitted to the trial court for final disposition. It is here upon that record. If proof had been submitted showing an impairment of value or any other substantial injury to plaintiff, then the trial court would have properly had before it evidence challenging its attention to the unreasonableness of the ordinance. Taking the present record as it stands, the trial court was justified in rendering judgment in favor of defendants. We see no ground upon which that judgment can be set aside. It is affirmed.

HARVEY, J., not sitting.