No. 30,130.

The Board of County Commissioners of the County of Wyandotte, *Appellant,* v. (Fred W. Axtell et al., *Defendants*). Ella B. Adams, Intervener, *Appellee.*

(5 P. 2d 1078.)

Opinion filed December 12, 1931.

*Frederick R. White,* county attorney, and *C. L. Jones,* of Kansas City, for the appellant; *Frank L. Bates,* of Kansas City, of counsel.

*James M. Meek,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: Has the district court the power to grant a new trial in a tax foreclosure action on the application of the intervener, claiming to be the owner of a mortgage lien assigned to her but which stood on the record in the name of another, who was named as a defendant in the foreclosure action? This is the question presented for decision.

On July 24, 1923, Ella B. Adams, through her broker, W. D. Miles, made a loan of $7,000 to Rudolph Snyder and wife, taking as security for the loan a first mortgage on city property. S. N. Eisberg, father-in-law of Rudolph Snyder, procured the loan for the Snyders and he went into possession of the property. Subsequently, in 1928, Snyder and his wife conveyed the mortgaged property to S. N. Eisberg and M. J. Eisberg, who were brothers. In 1930, when the Adams note became due, the Eisbergs applied to Mrs. Adams for an extension of the loan. It appears that the note and mortgage had

been taken in the name of the broker, W. D. Miles, who assigned and delivered the note to the owner, Mrs. Adams. The Eisbergs had paid interest on the note as it accrued, but had failed to pay the taxes on the property. Mrs. Adams declined to renew the loan and they informed her that they would have to get a loan elsewhere, and asked for the abstract of title. The abstract had been left with W. D. Miles, the broker, who had died, and his widow, who had possession of his papers, was absent, and the securing of a new loan and the payment of the Adams loan were postponed to await her return. After her return it was ascertained that the new loan could not be obtained as a judgment had been rendered in favor of the county of Wyandotte on June 19, 1930, foreclosing a tax lien on the mortgaged property, and that the sale of it had been made on August 11, 1930, for $1,700, under the foreclosure decree, to one H. B. Strauss, a brother-in-law of one of the Eisbergs. The action of foreclosure had been brought by the county and service had been obtained on the defendants by publication only. Instead of bringing a separate action on each tract of land, the county bunched seventy tracts in the foreclosure action and one of these was the tract in question. Ella B. Adams, within a few days after learning the fact that the property had been sold for taxes, applied for leave to intervene and petition for a new trial, which the court granted. In her petition and answer she alleged that in addition to what has been recited she had a substantial interest in the property foreclosed, stating it; that she did not know of the bringing or pendency of the action in time to appear and defend; that service on defendants had been made by publication only, and that while W. D. Miles had been named as a defendant in the case, he was not the owner of the mortgage, and further that she did not know that Miles had failed to record the assignment of the mortgage to her and did not know that the Eisbergs had failed to pay the taxes on the property. She further. alleged that the Eisbergs had purposely allowed the taxes to become delinquent so that the property might be sold for taxes and thus defeat her mortgage lien thereon. Motions to strike the intervening petition and answer were overruled, and the demurrer thereto was filed, all of which were overruled. On the final hearing the court granted the application of the intervener, Adams, holding that she was the owner of the mortgage, and therefore had an interest in the property in litigation and that the service had been made by publication only.

The county is contending, among other things, that Mrs. Adams was not a defendant and had no right to intervene in the case. The application was made and granted under R. S. 60-2530. That statute provides that if a judgment is rendered against a party without other service than by publication in a newspaper, he may within three years have the judgment opened up and be let in to defend. The judgment was obtained, as we have seen, on service by publication only, the application to open was made within the time such an application is authorized and the county, the only one appealing, had notice of the filing and presentation of the application. The trial court found that all the necessary requirements to the opening up of a judgment had been met, including the filing of an answer verified by affidavit that Mrs. Adams had no notice or knowledge of the pendency of the action in time to defend. Her application was made and granted within six months after the judgment, so that even a purchaser in good faith of the property involved has no cause to complain. The adverse party filed no counter affidavit nor any showing that during the pendency of the action Mrs. Adams had notice thereof in time to appear and defend. She having complied with the conditions for obtaining this wholesome remedy, the trial court could not well deny the remedy. The fact that the plaintiff failed to name the intervener as a defendant party in the foreclosure action did not prevent her from acting and availing herself of the remedy within the time fixed by statute. She had a real and a very important interest to protect and the statute was enacted to give interested parties who had no notice of the action other than publication in a newspaper an opportunity to come in and show a real defense. In *Cheyenne County v. Walter*, 83 Kan. 743, 112 Pac. 599, it was decided that:

"Anyone whose rights are affected by a judgment rendered without other service than by publication is entitled to have the judgment opened up when he complies with the provisions of section 83 of the code of 1909, whether or not he was named as defendant in the action." (Syl. ¶ 2.)

In an opinion as to the nature of the remedy and the interpretation of the statute it has been said:

"Indeed, in order to do justice to both parties, the provisions of that section should be construed in no technical way, but fairly and reasonably. Every party ought to have his day in court; and while service by publication, which in fact imparts no actual notice, must be sustained, yet a party thus served, and who has in fact no knowledge of the proceedings, ought to be granted a hearing if it can be possibly done." (*Albright v. Warkentin*, 31 Kan. 442, 445, 2 Pac. 614.)

See, also, *Erving v. Windmill Co.*, 52 Kan. 787, 35 Pac. 800; *Leslie v. Gibson*, 80 Kan. 504, 103 Pac. 115.

Aside from that consideration it may be said that Mrs. Adams was brought into the case by the publication notice. In it, W. D. Miles, the broker, in whose name the notes and mortgage were taken, was named as a defendant, and also his assigns. Miles assigned the mortgage lien to Mrs. Adams, and hence she was in a sense a defendant within the terms of the notice served. In either view the remedy was available to her upon compliance with the prescribed conditions.

No reason is seen why the remedy is not as available in an action to foreclose a tax lien as in the foreclosure of a mortgage lien or other civil action wherein judgment is rendered upon service by publication only, and where the applicant had no knowledge of the pendency of the action in time to come in and defend. The effect of a judgment foreclosing a tax lien and a sale thereunder is just as vitally prejudicial to such a person as would be a judgment foreclosing other liens. The county asserts that the application was made without legal notice to Strauss, the purchaser at the sale. He is not complaining of the lack of notice. Notice was given to the county, the plaintiff in the action, and it does not appear that Strauss authorized the county to object to the opening of the judgment in his behalf. He may have understood that the principle of *caveat emptor* applies to a purchaser at tax sales (*Sullivan v. Davis*, 29 Kan. 28), and that Mrs. Adams had the right to have the judgment opened on timely application. When he purchased at the sale he knew, or should have known, that a judgment based on publication service only was subject to be opened up by an interested party, and that the interest obtained by a purchaser in good faith even would not ripen into a title until the lapse of six months. Under the statute the opening up of the judgment after that period will not affect the title of a purchaser in good faith. But, as we have seen, he did not question the right to have the judgment opened up in the district court and is not complaining here. The only complaint is by the county, and it does not appear that it has any right to speak or object for him.

We conclude that no error was committed by the trial court in overruling the motion of the county to strike the application and the pleading of the intervener from the files or overruling its demurrer to the intervening petition and answer.

The judgment is affirmed.