No. 31,752

ROBERT R. WITHERS, *Appellee,* v. AUGUST F. MILLER et al. (ALLEN W. HINKEL, *Appellant*).

(34 P. 2d 110.)

Opinion filed July 7, 1934.

*P. D. Gardiner, O. W. Helsel* and *J. R. Mayall,* all of Wichita, for the appellant.

*M. P. Shearer,* of Wichita, for appellee Robert R. Withers; *Walter T. Matson,* of Wichita, for appellee August F. Miller.

The opinion of the court was delivered by

HARVEY, J.: This appeal is from an order of the court refusing to open up a judgment rendered on publication service in an action to quiet title.

The facts disclosed by the record may be thus stated: Sebastian

Miller, a resident of Illinois and the owner of certain farm land in Sedgwick county, Kansas, died in May, 1905, leaving a will by which he gave the use of this land to one of his sons, August F. Miller, during his lifetime, with the remainder to the brothers and sisters of August F. Miller in equal parts. August F. Miller occupied and used the farm property and paid the taxes thereon for many years, but appears to have failed to pay the taxes for 1927, and perhaps other years. The plaintiff, Robert R. Withers, procured a tax deed on the land, and on September 2, 1932, brought an action to eject August F. Miller and his wife from the land—obtaining personal service of summons on them—and to quiet his title thereto against the remaindermen, all of whom were nonresidents of Kansas. He procured service of process upon them by publication, and on December 28, 1932, obtained, by default, a decree of the court quieting his title against them. On August 10, 1933, Nelda Minder Kern and her husband, named in the petition as defendants, proceeding under R. S. 60-2530, filed their motion to open the judgment and to be permitted to defend. In support of the motion they filed their affidavits of lack of knowledge of the pendency of the action in time to appear and defend, and an answer setting forth their interest in the land as remaindermen, and attacking the validity of the tax deed for specific reasons alleged, and offered to pay the costs, if the court should require it, all in conformity with the statute.

At the hearing of this motion, on the affidavit of movants and other evidence, no contention was made by plaintiff that the application to open the judgment was not in proper form, or that it was not full and complete, nor was there any attempt to show that the movants had any knowledge of the pendency of the action in time to appear and defend. However, these matters developed:

*First.* After plaintiff filed this action, and before judgment was taken, plaintiff made some kind of a contract with August F. Miller by which he secured a conveyance of Miller's right to the property and gave Miller a written instrument by which Miller could use a portion of the property. In this court an attorney for August F. Miller appears and argues that his rights in some way may be affected to his detriment by the opening of the judgment against Nelda Minder Kern and her husband. We are unable to see that this matter had any place in the proceedings of the trial court, or

that it has any place here. Under the record before us August F. Miller had a life estate only in the land. Whether or not he sold that interest has no bearing on the rights of the remaindermen. He was personally served with summons in this action—Mrs. Kern and her husband were not—and he is in no position to defeat their right to open the judgment against them and to be heard on their claim of interest in the land, nor should plaintiff be permitted to use him for that purpose.

*Second.* It developed that one Allen W. Hinkel, a resident of Sedgwick county, owned land adjoining the Miller farm in question, and desired some day to own it. He had offered to buy plaintiff's tax-title interest, but plaintiff would not sell. He then undertook to locate the remaindermen and to buy their interest, but either could not locate all of them, or could not agree with all of them, upon terms. He did, however, make a contract with Nelda Minder Kern and her husband by which they agreed to make application and to have the judgment against them opened, and for $100, which he paid, to convey their interest to him by quitclaim deed, which they executed with the name of the grantee blank, but giving him authority to insert the name of the grantee. Perhaps it was also shown, or conceded, that the attorney who appeared for the movants was employed by Hinkel. When this developed plaintiff objected to the motion to open the judgment on the ground that Nelda Minder Kern and her husband were not the real parties in interest. The trial court sustained the objection, and this is one of the rulings complained of on this appeal. Allen W. Hinkel then orally moved to allow his name to be substituted for that of Mrs. Kern and her husband in the motion to open the judgment, and that he be made a party defendant. This motion was granted, and he was permitted to file a motion and answer in substance the same as those filed by Mrs. Kern and her husband. Plaintiff then objected to this motion on the ground that it was not filed in good faith. In addition to what has previously been stated, evidence was received to this effect: That at some time prior to any of this litigation the wife of August F. Miller had been adjudged incompetent and a guardian was appointed for her, which guardian had been made a party defendant to the action; also, that at some time after the action was brought Allen W. Hinkel, in a telephone conversation with the probate judge, complained, or represented,

that August F. Miller was an incompetent person, and some time thereafter, upon a complaint filed in the probate court—which complaint was not made by Hinkel—August F. Miller was charged with being an incompetent, a hearing was duly had upon that complaint, and he was adjudged to be an incompetent person. At the close of the hearing the trial court found that the motion of Allen W. Hinkel to open the judgment was not filed in good faith, and that it should be overruled, and an appeal is taken from that ruling.

Taking up the legal questions. Was the motion of Nelda Minder Kern and her husband properly denied because of the contract and sale of their interest in the property to Allen W. Hinkel?

Our statute (R. S. 60-2530), which authorizes a party defendant in an action such as this, who was served by publication only and who had no knowledge of the pendency of the action in time to defend, to come into the case at any time within three years after judgment against him was rendered, make the showing required and file an answer stating a defense, to have the judgment opened and to be heard on his defense, is remedial in its nature, and should be liberally construed in the furtherance of justice. (*Young v. Martin,* 96 Kan. 748, 153 Pac. 542; *Chambers v. Rose,* 111 Kan. 22, 206 Pac. 336; *Martens v. Green,* 113 Kan. 142, 213 Pac. 642; *Wyandotte County Comm'rs v. Axtell,* 134 Kan. 304, 5 P. 2d 1078.)

The judgment rendered on such publication service is as between the parties in the nature of a conditional judgment and one which becomes final and absolute only at the expiration of three years, and liable in the meantime to be opened up whenever the defendant brings himself within the provisions of the statute. (*Albright v. Warkentin,* 31 Kan. 442, 445, 2 Pac. 614. See note, 26 L. R. A., n. s., 1063.)

The word "party," as used in the statute, applies not only to those named in the record, but to everyone whose property rights are affected by the judgment. (*Cheyenne County v. Walter,* 83 Kan. 743, 745, 112 Pac. 599. See, also, 15 R. C. L. 698, 699, 721; *Leslie v. Gibson,* 80 Kan. 504, 103 Pac. 115; *Messing v. Faulkner,* 83 Kan. 115, 109 Pac. 1001; *Chambers v. Rose,* supra; *Owens v. Wagers,* 118 Kan. 517, 518, 235 Pac. 589; *Wyandotte County Comm'rs v. Axtell,* supra.)

Normally, when a party in such an action moves to open the judgment, about the only questions before the court are: Has notice been given to the adverse party? Was service by publication only?

Did defendant have knowledge of the action in time to defend? Has he filed an answer stating a defense? Is he willing to pay all costs, if the court requires it? In this case no controversy was made as to any of these matters.

Our statute (R. S. 60-415) provides:

".... In case of any other [than the death of a party] transfer of interest, the action may be continued in the name of the original party, or the court or judge may allow the person to whom the transfer is made to be substituted in the action."

Under this statute it was proper, indeed it was the normal course, to allow the motion in the name of the original defendants. (*Shively v. Beeson,* 24 Kan. 352, 358; *Ives v. Addison,* 39 Kan. 172, 175, 17 Pac. 797; *Werner v. Hatton,* 54 Kan. 250, 38 Pac. 279; *Hoel v. Kansas City,* 131 Kan. 290, 291 Pac. 780.)

"The law does not require the name of the assignee of the rights of a party to litigation to be substituted for that of an assignor who is still alive." (*Burris v. Reinhardt,* 120 Kan. 32, 34, 242 Pac. 143.)

Under the showing made in the name of the original defendants the judgment as to them should have been opened, hence it was error to overrule the motion on the sole ground it was presented in their names.

It seems clear that it was solely because of the court's ruling on the motion made in the name of the original defendants that Allen W. Hinkel moved to be substituted as defendant for them and filed a similar application to open the judgment. He should have been permitted to proceed in the name of the original parties to the action, or to have his name substituted and proceed in his own name at his option, not at the option of the plaintiff. If the parties were entitled to have the judgment opened we cannot see that it was of any concern of the plaintiff whether it was opened in the name of the original parties to the action or in the name of their assignee or grantee. Hinkel's application was denied on the sole ground of the lack of good faith. This is predicated upon a cautious phrase used in the second syllabus of *Leslie v. Gibson,* supra. The case has been repeatedly cited without any reference to this phrase. (15 R. C. L. 698, 699, 721; 26 L. R. A., n. s., 1063; 133 A. S. R. 219; *Messing v. Faulkner,* supra; *Cheyenne County v. Walter,* supra; *Martin v. Miller,* 97 Kan. 723, 726, 156 Pac. 709; *Chambers v. Rose,* 111 Kan. 22, 25, 206 Pac. 336; *Martens v. Green,* supra; *Stadtler v. Simpson et al.,* 117 Kan. 169, 170, 231 Pac. 54; *Owens v.*

*Wagers,* supra; *Burris v. Reinhardt,* supra; *Wyandotte County Comm'rs v. Axtell,* supra.)

Perhaps bad faith might exist which would justify a court in refusing such an application. We shall not speculate on instances which would justify such a holding. But let us see what bad faith existed here. Two things are urged by the plaintiff-appellee. *First,* that Hinkel bought this interest in the property because he had a farm adjoining the land in question and for that reason desired to buy it, and made the purchase of an interest only in the property while it was in litigation. We have never understood that a desire to buy a tract of land because of owning one adjoining it was either unlawful or subject to adverse criticism. One having any interest in land has a right to sell it, whether it is in litigation or not. (*Springer v. Keller,* 124 Kan. 33, 37, 257 Pac. 964.) Indeed, any interest in land may be sold on execution. (R. S. 60-3403; *Thompson v. Zurich State Bank,* 124 Kan. 425, 428, 260 Pac. 658.) From this it necessarily follows that another has a right to buy it. It is difficult to see bad faith growing out of what one has a perfect right to do. Also, it is difficult to see that Hinkel's ambition to acquire title to this land is any greater than that of plaintiff. The other thing relied upon to show bad faith is the fact that Hinkel at some time telephoned the probate judge about the incompetency of August F. Miller. It is not suggested that the complaint later filed by someone else in the probate court was prompted by Hinkel; or, if so, that it was not justified under the facts; nor is there any contention that there was anything improper on the hearing of that complaint, or a wrongful result reached at such hearing. This matter appears to have been brought into this case for the sole purpose of creating feeling. It had no place in the proceedings. Evidence concerning it should not have been received; or, if received, should have been disregarded. It has no bearing upon the rights of plaintiff, or of the defendants, or of Hinkel, in this lawsuit.

The judgment of the court below is reversed, with directions to open the judgment on the application filed in the name of Nelda Minder Kern and her husband if Mr. Hinkel desires it opened on that application, and, in that event, that his own application be withdrawn. If he prefers to be substituted as a party defendant for those defendants, the substitution to be allowed, and the judgment to be opened on his application.

It is so ordered.