**AZAR v. OLSON et al.**

No. 7408.

Supreme Court of North Dakota.

Nov. 10, 1953.

J. K. Murray, Bismarck, for defendant-appellant, Katie Haggard.

Register & Thompson, Bismarck, for plaintiff-respondent.

MORRIS, Chief Justice.

This is an appeal from an order denying a motion of the defendant, Katie Haggard, to vacate a default judgment entered in an action to quiet title to two quarter sections of land in Sioux County. A summons and a verified complaint setting forth a statutory action to quiet title were filed in the

Office of the Clerk of the District Court of Sioux County on July 7, 1952. An affidavit for service by publication, accompanied by a sheriff's return, was filed July 14, 1952. The return recited that the sheriff had made diligent search and inquiry for the defendants in the action, and each of them, for the purpose of serving the summons, notice, and complaint upon each of the defendants and that the sheriff had been unable to make personal service on any of the defendants in the action. The summons, together with the attached notice setting forth a description of the property involved and stating that the purpose of the action was to determine adverse claims to this property and that no personal claim was made against any of the defendants, was published in a newspaper as provided by law, Section 28–0622, NDRC 1949 Supp., on July 24, July 31, and August 7, 1952. On September 24, 1952, findings of fact, conclusions of law, and order for judgment were signed by the court and on the same day judgment was entered quieting title in the plaintiff. On February 23, 1953, the defendant, Katie Haggard, served on plaintiff's attorney a notice of motion to vacate the default judgment upon five grounds, among them being

"That the defendant had no notice nor knowledge of the pendency of the above entitled action against her at any time prior to the entry of the Judgment therein; that the defendant, Katie Haggard, has a good and substantial defense on the merits and the whole thereof to the above entitled action and the motion therein stated; that not more than four months have expired since the entry of judgment herein; that the title of such property still remains in the defendant and has not been transferred by her to any purchaser in good faith."

After hearing, the motion to vacate the judgment was denied and Katie Haggard appeals.

Our code contains three sections which bear upon the subject of relief from default judgments. In the chapter dealing with service of process we find Section 28–0627, which, in part, reads as follows:

"Except in an action for divorce, the defendant upon whom service by publication is made, or his representative, upon making it appear to the satisfaction of the court by affidavit, stating the facts, that he has a good and meritorious defense to the action, and that he had no notice or knowledge of the pendency of the action so as to enable him to make application to defend before the entry of judgment therein, and upon filing an affidavit of merits, may be allowed to defend at any time within three years after entry of judgment on such terms as may be just."

The statute further provides that if any defendant has received a copy of the summons and complaint, either by mail or by personal service outside of the state, he shall be deemed to have had notice of the pendency of the action and of the judgment entered therein.

In the chapter dealing with relief from defaults and hardships, Section 28–2901 provides:

"The court, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, may relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding."

The chapter dealing with actions to quiet title and determine claims to real estate contains Section 32–1713 which provides:

"A defendant in an action to determine adverse claims, proceeded against by name or as an unknown party, or his representative, on application and sufficient cause shown at any time before trial, must be allowed to defend on such terms as may be just, and any such defendant or his representatives upon good cause shown, and on such terms as may be just, may be allowed to

defend after trial and within one year after the rendition of judgment therein, but not otherwise."

▮▮ Statutes such as ours are generally held to be remedial in nature and entitled to a liberal construction and application. 31 Am.Jur., Judgments, § 766, page 303; 49 C.J.S., Judgments, § 335, page 641; Withers v. Miller, 140 Kan. 123, 34 P.2d 110, 104 A.L.R. 692; Board of County Commissioners of Wyandotte County v. Axtell, 134 Kan. 304, 5 P.2d 1078. This court views with favor the trial of cases upon their merits. Tooz v. Tooz, 76 N.D. 492, 37 N.W.2d 493; Citizens' National Bank v. Branden, 19 N.D. 489, 126 N.W. 102, 27 L.R.A.,N.S., 858.

The complaint in this action is in the statutory form to determine adverse claims. Chapter 32–17 NDRC 1943. The relief sought by the defendant Katie Haggard is governed by Section 32–1713, NDRC 1943, quoted above. The other sections which we have quoted, while having no direct bearing upon this controversy, are indicative of a legislative policy which distinguishes between relief from default judgments obtained after actual notice and relief from judgments obtained after constructive service concerning which the defaulting defendant had no knowledge.

▮ Section 32–1713, NDRC 1943 was formerly Section 8156, C.L.1913. It has been before this court in but one case since it was originally enacted as a part of Chapter 5, SLND 1901. In that case, Hart v. Hone, 57 N.D. 590, 223 N.W. 346, 348, it is said:

"On an application to be relieved from a default judgment, the court will consider every fact and circumstance that has any reasonable bearing on whether sufficient cause has been shown why the judgment should be vacated. Hence the court will of necessity consider the mode of service. Where there has been personal service, the defendant is charged with actual knowledge of the institution of the action, and, if he makes default, it becomes incumbent upon him to show why he failed to interpose an answer in the time provided by law. Where there has been constructive service, the service may be completed, defendant may default, and judgment may be rendered without any actual knowledge on the part of the defendant that an action has been commenced. Hence in cases of constructive service it is not the time of service, but rather the time when the defendant receives actual knowledge of the service or the rendition of the judgment, that fixes the point of time that will be considered in determining whether he has or has not acted with reasonable diligence in seeking relief from the default. This follows from the inherent difference in the two modes of service. It does not follow, however, that the trial court has no discretion as to whether a default judgment should be vacated in cases of constructive service. On the contrary, section 8156 clearly indicates that the court has some discretion. It imposes, in all cases, upon a party seeking to be relieved from a default judgment, the burden of showing good cause why such relief should be granted; and such good cause unquestionably includes at least a prima facie showing that the defendant has a good meritorious defense. In other words, one who seeks to be relieved from a default judgment in an action to quiet title has the burden of presenting a prima facie showing, 'that, if he had presented his defense, it would have prevailed, so that the judgment, as it stands, works injustice' (1 Black on Judgments (2d Ed.) § 374), and that, if the judgment is vacated and the defendant allowed to defend, the trial may and probably will result in a judgment in his favor. It is true that, in applications for relief from a default judgment, the plaintiff will not be permitted to combat any defense claimed by the defendant and that the defense set forth in the answer or the affidavit

of merits will, for the purpose of the case, be deemed true. The court will, however, examine the defense pleaded to see whether the same on its face constitutes a defense. Minnesota Thresher Manufacturing Co. v. Holz, 10 N.D. 16, 84 N.W. 581; Johannes v. Coghlan, 23 N.D. 588, 137 N.W. 822."

That case involved an attack upon tax deed proceedings, and the court further said:

"If the defendant desired to challenge the validity of the proceedings, it was incumbent upon him to allege in his answer the particulars in which the proceedings were invalid. The answer will be searched in vain for any such averments. All that the answer contains is the bare legal conclusion 'that said proceedings are in all things invalid and failed to create any estate or interest,' etc. There is not the slightest attempt to point out in what specific respects the proceedings are invalid—wherein there was a failure to comply with the provisions of the law. Apparently it is conceded that the taxes were unpaid, and that the tax lien was valid, as the defendant in his answer concedes that the whole principal amount of the taxes, as well as interest and penalties, are due and constitute a lien on the land. The bare statement that the proceedings are invalid is merely a legal conclusion, and does not constitute a statement of any defense against the tax title. It was incumbent upon the defendant to allege in his pleading the particulars in which the proceedings had failed to comply with the law."

This court then upheld the trial court's refusal to vacate the judgment.

We now proceed to examine the defendant's motion and showing which she claims entitles her to be relieved from the default judgment and the countershowing made by the plaintiff. The motion is accompanied by the affidavit of the defendant, Katie Haggard, stating that for more than twenty years she has been the owner of the property in question and believes that the plaintiff claims title through a tax deed from Sioux County and that she believes the tax deed is void for certain reasons, among them being

"that no proper or legal notice of expiration of the period of redemption was ever served on this affiant, nor any other person or party holding any lien, encumbrance, or interest in, or to said land; neither was any such notice ever served on the tenant in possession of same; * * *."

Katie Haggard's affidavit also shows that she stated all the facts to her attorney who informed her that she has a good and substantial defense on the merits to plaintiff's action; that the affiant resides in California and that her sons and daughters for a good many years have resided in Mandan, North Dakota, and that they knew at all times where their mother resided; that she did not receive any notice or knowledge of the pendency of plaintiff's action or that such an action had been commenced until November 20, 1952, when she was informed thereof by her children; that she thereupon communicated with her attorney at Bismarck by letter and that she never received any notice of the tax deed proceedings or of the expiration of the period of redemption for the payment of taxes assessed against the land. Her statements with respect to the employment of her attorney are corroborated by his affidavit, which is as follows:

"J. K. Murray, being first duly sworn, deposes and says that he was retained by the defendant, Katie Haggard, to check up the title on the land described in the complaint on or about the 25th day of November, 1952; that on account of the crowded conditions of the County Auditor's Office at Fort Yates, North Dakota, he was unable to secure information as to the status of the title of the land described in this action until sometime during the latter part of December, 1952 and that since that time and up until the present time

he was unable to draft proceedings to vacate the default judgment against the answering defendant, namely, Katie Haggard; that as the attorney for the answering defendant this affiant secured copies and information pertaining to the tax deed proceedings of the land involved in this action, that he obtained copies and information from the former County Auditor of Sioux County who at the time was making a specialty of preparing special abstracts for various persons, namely Vernon Thompson; that from such information this affiant was and is of the opinion that a tax deed embracing land in the above entitled action is null and void for the reasons set out in the separate answer of the defendant, Katie Haggard."

The motion was also accompanied by an answer and counterclaim setting forth challenges to the validity of the tax deed that include allegations which, if established on trial, would render the deed void. None of the criticisms of the showing on the merits in Hart v. Hone, supra, apply to this case. Here facts stating a defense to plaintiff's action to quiet title are set forth in both the affidavit and the answer of the defendant Katie Haggard.

The plaintiff's countershowing contains the affidavits of the plaintiff and her attorney in which both state that they never knew Katie Haggard and did not know her address at the time the proceedings resulting in the default judgment were conducted. The countershowing also includes a letter written by Katie Haggard's attorney to the attorney for the plaintiff, dated October 9, 1952, in which the former stated that he represented Katie Haggard with reference to the land in question and had learned about two weeks previously that the attorney was representing Mrs. Azar but had not been able to get in touch with him. It further stated:

"If you have not entered a default, I want to interpose an answer for my client. If you have, I am going to make a motion to vacate the default.

No summons or complaint was ever served on my client nor did she ever receive any notice of the pendency of any action."

The trial court in his order denying the motion gives great weight to this letter and from it reached the conclusion that Katie Haggard had actual notice and personal information or knowledge of the pendency of the action "two months prior to October 9, 1952—this fact being established by the letter, marked 'Plaintiff's Exhibit 1.'" He also found as untrue her statements in her affidavit that she "never had nor received any notice or knowledge of the pendency of the above entitled action, nor that any such action was ever commenced until Nov. 20, 1952, she was informed by one of her sons or daughters in the city of Mandan, and that she thereupon, on or about November 20, 1952, communicated with her said attorney * * *." The judgment was entered September 24, 1952. The letter is dated October 9, 1952. It contains this statement:

"After some investigation, I learned about two weeks ago that you were the attorney for this party."

We find nothing in the letter, or otherwise in the record, to indicate that Katie Haggard had knowledge of the pendency of the action two months before the date of the letter or that she knew of the pendency of the action in time to employ an attorney and interpose an answer before default or before the judgment was entered. Her affidavit is to the contrary and stands uncontroverted except for such implications as may be drawn from the letter of her attorney. At the time the letter was written her attorney's information regarding the action appears to have been meager. There is no indication that he received such information as he did have from her. We do not conclude that this letter establishes that she knew of the pendency of the action prior to the entry of judgment. She has sworn positively that she did not have such knowledge. It is admitted that she did not receive a copy of the summons and complaint.

None was ever attempted to be served upon her. Neither the plaintiff nor her attorney knew this defendant's whereabouts. The affidavit of merits is sufficient to show that Katie Haggard has a defense and the defense is pleaded in an accompanying proposed answer. The application to vacate the judgment was instituted within five months after its entry. Under the showing made there appears to be no lack of reasonable diligence. The showing is ample to entitle the defendant Katie Haggard to have the judgment set aside and to interpose her defense. The order appealed from is reversed and the district court is directed to enter an order setting aside the judgment and permitting Katie Haggard thirty days from the entry thereof in which to serve her answer upon the plaintiff.

GRIMSON, CHRISTIANSON, SATHRE and BURKE, JJ., concur.